COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Overton
Argued at Alexandria, Virginia


NORMA JEAN ARBUCKLE

v.          Record No. 1546-95-4          OPINION BY
                                          JUDGE JERE M. H. WILLIS, JR.
GARY R. ARBUCKLE                          APRIL 30, 1996


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         Thomas S. Kenny, Judge

             James A. Watson, II (Surovell, Jackson,
             Colten & Dugan, P.C., on briefs), for
             appellant.

             James Ray Cottrell (Gannon, Cottrell & Ward,
             P.C., on brief), for appellee.


     On appeal from a final decree of equitable distribution,

Norma Jean Arbuckle contends that the trial court erred (1) in

discounting the value of Gary R. Arbuckle's dental practice by

estimated capital gains taxes on a hypothetical sale, and (2) in

not similarly discounting the value of the oil stock allotted to

her.  Dr. Arbuckle has moved that this appeal be dismissed for

lack of merit.  That motion is denied.  We reverse the judgment

of the trial court.

     Dr. and Mrs. Arbuckle were married in January, 1958.  They

have three children, all of whom are now emancipated.  The

parties separated in April 1993, after thirty-five years of

marriage.  A final decree of divorce was entered on April 14,

1995.  Due to an impending sale of the marital residence and the

parties' inability to agree on the terms of a property division,

the proceedings were bifurcated.  An equitable distribution and spousal support decree was entered on June 22, 1995, nunc pro tunc April 14, 1995.  In that decree, the trial court found that there was "an equal marital partnership, and accordingly, the assets should be divided equally."  The decree provided Mrs. Arbuckle a monetary award to "equalize the division of marital assets."  The trial court allotted to Dr. Arbuckle his dental practice and to Mrs. Arbuckle shares of oil stock titled in her name.  The trial court reduced its valuation of the dental practice by the amount of capital gain tax liability that would have accrued had the practice then been sold.  It made no similar adjustment to its valuation of the oil company stock.  The effect of the dental practice valuation adjustment was to reduce the amount of Mrs. Arbuckle's monetary award.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

> There are three stages to making an equitable distribution of property.  The court first must classify the property as either separate or marital.  The court then must assign a value to the property based upon evidence presented by both parties.  Finally, the court distributes the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E).

Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436

(1991).

The trial court found that Dr. Arbuckle's dental practice was a marital asset. Both Dr. Arbuckle and Mrs. Arbuckle presented expert testimony on the value of the practice. The trial court considered the experts' valuations, weighed the bases for their opinions, and considered their relative experience in transactions involving the sale of similar professional practices. It determined that the value of the practice was $281,000. The record supports this determination.

The trial court considered the factors set forth in Code § 20-107.3(E) and found that the marital assets should be distributed equally. However, the court also found that § 20-107.3(E)(10) required it to consider the putative tax treatment of Dr. Arbuckle's dental practice in making a fair and equitable award. The court acknowledged that Dr. Arbuckle had no intention of selling his practice and that consideration of potential capital gain taxes indulged a "legal fiction." Nonetheless, the trial court reduced the value of the practice by the amount of taxes that it calculated would be incurred if the practice were sold on the date of the hearing. Thus, the court reduced the value of the practice by 33.7%, leaving a net value of $186,303.

Mrs. Arbuckle contends that the trial court erred in considering tax consequences of a hypothetical sale of the dental practice in determining its value. She argues that this

consideration is too speculative to bear on the present value of the practice.  Alternatively, she argues that if the court acted properly in considering the tax consequences of a hypothetical sale of the dental practice, that same analysis should apply in the court's valuation of the oil stock allocated to her.  She argues that the trial court erred in treating the two items of property differently.

The trial court erred in considering the tax consequences of a hypothetical sale when valuing the dental practice.   Dr. Arbuckle did not intend to sell his dental practice.  No evidence established that a sale would occur in the near future. Accepting, for the sake of argument, that such a sale might occur in the future, the record did not permit the trial court to determine the value that would then be involved, what Dr. Arbuckle's financial circumstances would be, or what rules of taxation would then apply.  Thus, the tax consequences of a hypothetical sale were too speculative to be considered by the trial court in determining the present value of Dr. Arbuckle's dental practice.  For the same reason, the trial court did not err in declining to discount the value of stock allotted to Mrs. Arbuckle.

Citing <u>Barnes v. Barnes</u>, 16 Va. App. 98, 428 S.E.2d 294 (1993), Dr. Arbuckle argues that this Court has approved consideration of the tax consequences attributable to a potential future sale in the fashioning of an equitable distribution award.

We perceive no disagreement between the holding in <u>Barnes</u> and our decision in this case.  Indeed, Code § 20-107.3(E)(9) directs consideration of the tax consequences to each party in the fashioning of an equitable distribution scheme and award.  However, <u>Barnes</u> did not address the specific issue raised in this appeal.

In <u>Barnes</u>, the jointly owned marital home was allotted to the husband.  The parties' marital property was appraised at its then value.  In applying the factors of Code § 20-107.3(E), the trial court noted that should the husband at some time sell the home, he would be liable for any resulting capital gain tax.  Applying all the statutory equitable factors, the trial court determined that the wife should receive 35% of the total value of the marital property.  Affirming the judgment of the trial court, we said:

> [T]he trial judge, by noting that the husband would bear the responsibility of the capital gains tax, did no more than recognize what the Internal Revenue Code would require of the husband should he later sell the property.

<u>Id.</u> at 106, 428 S.E.2d at 300.  The trial court did not employ hypothetical tax consequences in determining the value of the home.  It merely recognized that the transfer of the jointly owned property to the husband shifted to the husband a potential tax liability flowing from the wife's present ownership interest, and utilized that information in determining "[t]he amount of any division or transfer of jointly owned marital property, and the

amount of any monetary award, the apportionment of marital debts, and the method of payment" as required by Code § 20-107.3(E).

Every capital asset has a value basis and, thus, a potential liability for capital gain tax upon sale. That potential liability is a proper consideration in the determination of a property division and an award, if it is not speculative. However, by basing its appraisal of the dental practice on potential liability resulting from a hypothetical sale, the trial court constructed an appraisal that was not based on the present fair market value of the property, and in doing so erred.

The judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>