COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia


LEWIS A. WILMOTT
                                    MEMORANDUM OPINION* BY
v.        Record No. 1260-96-4      JUDGE JERE M. H. WILLIS, JR.
                                         FEBRUARY 4, 1997
SHEILA D. WILMOTT


                 FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Thomas A. Fortkort, Judge Designate

            Miriam L. Kinner for appellant.

            Peter M. Fitzner (Shoun & Bach, P.C., on
            brief), for appellee.


     On appeal from a final decree granting his wife, Sheila D.

Wilmott, a divorce, Lewis A. Wilmott contends that the trial

court erred (1) in granting Ms. Wilmott a divorce on the ground

of desertion, (2) in valuing the parties' deferred compensation

plans on the date of the equitable distribution hearing, (3) in

the division of the deferred compensation plans, (4) in valuing

real property without regard to the tax consequences if the

property were sold or to its actual value, (5) in the equitable

distribution of the marital assets, and (6) in awarding Ms.

Wilmott spousal support.  We find no error and affirm the

judgment of the trial court.

     Mr. and Ms. Wilmott were married on July 12, 1975 and

separated on August 8, 1994.  They have two children, one of whom

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

is now emancipated. Mr. Wilmott is a salesman for General Mills, Inc. and Ms. Wilmott is an administrative assistant for Mobil Corporation.

In August, 1994, Mr. Wilmott abandoned the marital residence without telling Ms. Wilmott or their children. The commissioner in chancery reported that Ms. Wilmott had proven desertion, but recommended that a divorce be granted on the ground of separation for one year. The trial court rejected this recommendation and on April 25, 1996 granted Ms. Wilmott a divorce on the ground of desertion.

The parties stipulated that Ms. Wilmott would retain the marital residence (equity $116,000), and Mr. Wilmott would retain their New York rental property (equity $77,400). They requested equitable distribution of their remaining marital assets.

The trial court awarded Ms. Wilmott an automobile ($4,950), land in Florida (equity $1,900), her Mobil deferred compensation plan ($146,826), $500 monthly spousal support and $429 monthly child support. Mr. Wilmott received his General Mills deferred compensation plan ($65,537). The parties stock holdings ($3,100) were divided equally in kind. The decree required Ms. Wilmott to pay the parties' joint debts: credit cards ($20,706) and a time share ($7,006). Mr. Wilmott was required to repay a loan to his brother ($800).

## I.

### GROUND FOR DIVORCE

Mr. Wilmott first contends that the trial court erred in granting Ms. Wilmott a divorce on the ground of desertion.  He argues that the evidence did not prove that his alleged desertion caused an economic loss to the family and that the trial court erroneously rejected the commissioner's recommendation to grant a divorce on the ground that the parties had lived apart for one year.

"On appellate review, a divorce decree is presumed correct and will not be overturned if supported by substantial, competent, and credible evidence." Gottlieb v. Gottlieb, 19 Va. App. 77, 83, 448 S.E.2d 666, 670 (1994).  "'Under familiar principles we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below. Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988) (citation omitted).

The chancellor did not abuse his discretion in granting Ms. Wilmott a divorce on the ground of desertion.  Where, as here, the evidence proves dual grounds for a divorce, the trial court may exercise its sound discretion in selecting the appropriate ground upon which the divorce is granted.  Zinkhan v. Zinkhan, 2 Va. App. 200, 210, 342 S.E.2d 658, 663 (1986).  Ample, credible and substantial evidence supports the trial court's finding that

Mr. Wilmott deserted Ms. Wilmott.

We find no error in the trial court's decision to award Ms. Wilmott a divorce on the ground of desertion.

## II.

### VALUATION DATE

Mr. Wilmott next contends that the trial court should have valued the parties deferred compensation plans as of the date of separation, rather than as of the date of the equitable distribution hearing. We find no error in the trial court's valuation of the plans on the date of the evidentiary hearing.

Code § 20-107.3(A) provides that absent good cause, "[t]he court shall determine the value of any such property as of the date of the evidentiary hearing . . . ." Mr. Wilmott argues that valuing the plans as of the date of the evidentiary hearing was unfair because he continued to place funds into his deferred compensation plan after the date of separation, while Ms. Wilmott depleted the funds in her plan. While the dissipation of marital assets could justify an alteration of the valuation date, the trial court concluded that Ms. Wilmott's plan withdrawals constituted reasonable living expenses that were necessitated by Mr. Wilmott's desertion. See Amburn v. Amburn, 13 Va. App. 661, 664-66, 414 S.E.2d 847, 849-51 (1992).

Furthermore, the chancellor awarded the parties their respective deferred compensation plans. Therefore, classification of post-separation contributions as separate

property was not an issue.

## III.

## EQUITABLE DISTRIBUTION

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). Moreover, we will not reverse an award, "[u]nless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the finding of fact underlying resolution of the conflict in the equities . . . ." Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987).

Mr. Wilmott presents two assignments of error involving the equitable distribution of the marital assets. He contends that the trial court erred (1) in failing to distribute the parties' marital property equitably, and (2) in basing the award to the parties of their respective deferred compensation plans upon their work effort and probable future contributions to their respective plans. We disagree.

The trial court considered the factors set forth in Code § 20-107.3(E) and applied them to the facts. Specifically, the trial court considered: (1) that Mr. Wilmott deserted Ms. Wilmott, (2) the values of various marital assets and the parties' debts, (3) that Ms. Wilmott has controllable glaucoma,

(4) that Ms. Wilmott's deferred compensation plan pre-dated the parties' marriage by three years, (5) that Mr. Wilmott had earned a degree in business administration from Fordham University, and (6) that both parties made equal monetary and non-monetary contributions to the marriage.

When considering the statutory factors contained in Code § 20-107.3(E), the trial court "is not required to quantify the weight given to each, nor is it required to weigh each factor equally, though its consideration must be supported by the evidence." Marion v. Marion, 11 Va. App. 659, 664, 401 S.E.2d 432, 436 (1991). Moreover, there is no presumption or requirement of equal division. Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830-31 (1986). Due to the disparity in the allocation of assets caused by the valuation of the real property, and considering the tax consequences associated with the properties, the chancellor required that Ms. Wilmott pay $27,712 in joint marital debts. The evidence supports the distribution of the marital assets.

Mr. Wilmott argues also that the chancellor erred in distributing to the parties their respective deferred compensation plans. He maintains that the chancellor incorrectly stated in his opinion letter that because the parties deferred compensation plans "represent their work effort, years of employment, as well as probable future contributions to their respective plans the Court directs that each party maintain their

- 7 -

current plans . . . ." We find no abuse of discretion in this determination.

After reviewing the factors in Code § 20-107.3(E), and within the scheme of the entire equitable distribution, the chancellor was authorized to consider the unequal efforts made by Mr. and Ms. Wilmott toward the acquisition of their deferred compensation plans and, accordingly, to grant their respective plans to the parties. See Artis v. Artis, 10 Va. App. 356, 362, 392 S.E.2d 504, 507-08 (1990).

## IV.

### VALUING REAL PROPERTY

Mr. Wilmott contends that the trial court erred in valuing his New York City property. He argues that the gross value calculated for equitable distribution by the chancellor did not take into account the possible tax consequences of a hypothetical sale of the property, or the actual value of the property given its location and declining tax assessments. Thus, Mr. Wilmott claims that he was deprived of a greater share of the marital assets because of the trial court's use of an inflated asset value. We find no error in the trial court's valuation of the real property.

The parties stipulated that Mr. Wilmott would receive the New York City rental property and reserved the opportunity to request an offset for purposes of equitable distribution. The fair market value of the rental property was $150,000; the

outstanding mortgage obligation was $72,600.  The trial court

valued the property at $77,400.  The property generates $1,450 in

monthly rent.

Considering the factors set forth in Code § 20-107.3(E), the

trial court found that Mr. Wilmott could suffer substantial tax

consequences if he sold the New York City rental property.

Contrary to Mr. Wilmott's assertions, the trial court was not

obliged to speculate as to the hypothetical value of the rental

property or to speculate as to future tax liability and

assessments.  See Arbuckle v. Arbuckle, 22 Va. App. 362, 470

S.E.2d 146 (1996).  Mr. Wilmott neither expressed an intention to

sell the rental property nor presented evidence that a sale would

occur in the near future.

**V.**

**SPOUSAL SUPPORT**

Mr. Wilmott contends that the trial court erred in awarding

Ms. Wilmott $500 in monthly spousal support.  He argues that the

award sought to punish him for desertion and to further

compensate Ms. Wilmott for receiving the marital residence.

"When a [trial] court awards spousal support based upon due

consideration of the factors enumerated in Code § 20-107.1, as

shown by the evidence, its determination 'will not be disturbed

except for a clear abuse of discretion.'"  Huger v. Huger, 16 Va.

App. 785, 791, 433 S.E.2d 255, 259 (1993) (citation omitted).
> Where a claim for support is made by a party
> who has been held blameless for the marital
> breach, the law imposes upon the other party

> a duty, within the limits of his or her
> financial ability, to maintain the blameless
> party according to the station in life to
> which that party was accustomed during the
> marriage.

Gamble v. Gamble, 14 Va. App. 558, 573-74, 421 S.E.2d 635, 644
(1992).

Mr. Wilmott's desertion and Ms. Wilmott's blamelessness, as
determined by the chancellor, provide ample support for the trial
court's determination that Ms. Wilmott is entitled to a spousal
support award pursuant to Code § 20-107.1.  Having reviewed the
record, we also conclude that the trial court's findings were
supported by the evidence and justify the award of spousal
support to Ms. Wilmott.

In his letter opinion, the chancellor reviewed all of the
factors in Code § 20-107.1.  While finding that the parties made
equal non-monetary and monetary contributions to the marriage,
the trial court found:  (1) that Mr. Wilmott deserted Ms.
Wilmott; (2) that Mr. Wilmott is two years younger than Ms.
Wilmott and in good health, while Ms. Wilmott has an incurable,
but controllable, eye disease; (3) that the parties had a long
marriage and enjoyed an upper middle class standard of living;
(4) that the distribution of assets leaves Mr. Wilmott with fewer
assets, but he is debt-free and has minimal expenses; and (5)
that Mr. Wilmott earned a college degree and that his income
increased over the last several years.

Citing Gamble, Mr. Wilmott contends that the award was not

"fair and just" and was fashioned so as to effectively require him to satisfy the mortgage obligations on the marital home received by Ms. Wilmott.  Mr. Wilmott's reliance upon Gamble is misplaced.

In Gamble, we held it an abuse of discretion to predicate an award of spousal support upon a need to pay the mortgage obligations on a marital residence received in equitable distribution.  While the outstanding mortgage payments on marital property are properly considered in equitable distribution, they should not be factored again in determining the spousal support award.  See id. at 577, 421 S.E.2d at 646.  In this case, we find no indication that the trial court based the spousal support award upon Ms. Wilmott's obligation to pay the mortgage on the marital residence.  Therefore, we affirm the chancellor's award of spousal support to Ms. Wilmott.

Affirmed.
