COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia

NORMA JEAN ARBUCKLE
                                        OPINION BY
v.  Record No. 2480-97-4        JUDGE JAMES W. BENTON, JR.
                                        JUNE 16, 1998
GARY R. ARBUCKLE


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Thomas S. Kenny, Judge

            James A. Watson II (Surovell, Jackson,
            Colten & Dugan, P.C., on briefs), for
            appellant.

            James Ray Cottrell (Gannon, Cottrell & Ward,
            P.C., on brief), for appellee.


     This appeal arises from a decree granting Norma Jean

Arbuckle a monetary award as an equitable distribution of the

parties' property upon divorce.  In a prior appeal to this Court,

we held that the trial judge erred in considering the tax

consequence of a hypothetical sale when valuing the dental

practice of Dr. Gary R. Arbuckle, the husband.  See Arbuckle v.

Arbuckle, 22 Va. App. 362, 366, 470 S.E.2d 146, 148 (1996).  On

this appeal, the wife contends the trial judge committed the same

error following the remand.  We disagree and affirm the decree.

                              I.

     A brief review of the prior proceedings will place the issue

in proper perspective.  This matter was initially before the

trial judge in 1995 upon a bill of complaint for divorce,

equitable distribution of property, and spousal support.  The

trial judge entered a decree granting a divorce and reserving

jurisdiction to enter further orders as to the parties' property. See Code § 20-107.3(A). During the equitable distribution proceeding, the trial judge was required to determine the value of the parties' property as mandated by Code § 20-107.3(A). In valuing the husband's dental practice, the trial judge found that the practice was then worth $281,000. However, based upon capital gains taxes of 33.7% that would have been imposed if the dental practice was sold, the trial judge reduced the valuation of the practice to a net value of $186,303. After determining the value of all the property, the trial judge applied the factors in Code § 20-107.3(E) in fixing the wife's monetary award. The wife appealed from that decree.

Ruling that the trial judge erred in valuing the dental practice when he deducted the estimated capital gains tax on the hypothetical sale of the practice, see Arbuckle, 22 Va. App. at 366, 470 S.E.2d at 148, we reversed the decree. On remand, the parties stipulated that the value of the dental practice was $281,000. In view of the stipulated value of the dental practice, the trial judge reviewed the factors contained in Code § 20-107.3(E) for determining a monetary award, including "[t]he tax consequences to each party," see Code § 20-107.3(E)(9), and made a monetary award to the wife. The wife appeals from that decree.

## II.

Often in our equitable distribution decisions, we have

discussed the procedural requirements imposed upon trial judges by Code § 20-107.3. See Brinkley v. Brinkley, 5 Va. App. 132, 135-37, 361 S.E.2d 139, 140-41 (1987); see also Arbuckle, 22 Va. App. at 365, 470 S.E.2d at 147.

> There are three stages to making an equitable distribution of property. The court first must classify the property as either separate or marital. The court then must assign a value to the property based upon evidence presented by both parties. Finally, the court distributes the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E).

Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991). The subsections of Code § 20-107.3 identify the stages the trial judge must consider in the process.

In the prior Arbuckle appeal, the question we decided concerned the trial judge's valuation decision under Code § 20-107.3(A) because "[t]he trial [judge] reduced [the] valuation of the dental practice by the amount of capital gain tax liability that would have accrued had the practice then been sold." 22 Va. App. at 364, 470 S.E.2d at 147 (emphasis added). "Code § 20-107.3[(A)] requires a trial [judge] to value the parties' separate and marital property before making a monetary award." Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989). Thus, when the parties in an equitable distribution proceeding request the trial judge to decree as to their property, the trial judge must "determine the value of any such property as of the date of the evidentiary hearing on the

evaluation issue." Code § 20-107.3(A) (emphasis added). We held that "[t]he trial [judge] erred in considering the tax consequences of a hypothetical sale when valuing the dental practice." Arbuckle, 22 Va. App. at 366, 470 S.E.2d at 148 (emphasis added). We reasoned that "the tax consequences of a hypothetical sale were too speculative to be considered by the trial [judge] in determining the present value of Dr. Arbuckle's dental practice." Id. (emphasis added).

The Arbuckle holding is consistent with the well established principle that "[t]he trial judge's valuation cannot be based on 'mere guesswork.'" Bosserman, 9 Va. App. at 5, 384 S.E.2d at 107. See also Hodges v. Hodges, 2 Va. App. 508, 516, 347 S.E.2d 134, 139 (1986). After the valuation process is completed, the statutory scheme recognizes, however, that a degree of imprecision will be inevitable in applying the factors of Code § 20-107.3(E). Thus, under Code § 20-107.3(E), "[t]he amount of any division or transfer of jointly owned marital property, and the amount of any monetary award, the apportionment of marital debts, and the method of payment shall be determined by the court after consideration of [ten specified] factors[.]" Those factors specifically include "[t]he tax consequences to each party." Code § 20-107.3(E)(9).

In Arbuckle, we noted that "[w]e perceive[d] no disagreement between the holding in Barnes [v. Barnes, 16 Va. App. 98, 428 S.E.2d 294 (1993),] and our decision . . . [because] Code

§ 20-107.3(E)(9) directs consideration of the tax consequences to each party in the fashioning of an equitable distribution scheme and award." Arbuckle, 22 Va. App. at 366, 470 S.E.2d at 148. Simply put, Barnes did not address valuation of property pursuant to Code § 20-107.3(A); it involved the review of a trial judge's decision that applied the factors of Code § 20-107.3(E) in making a monetary award.

On remand from Arbuckle, the trial judge accepted the stipulated value of the dental practice and reconsidered the award based upon the factors specified in Code § 20-107.3(E). The judge's consideration included "[t]he tax consequences to each party" as proved by evidence in the record. Code § 20-107.3(E)(9). In accordance with our usual standard of review, "unless it appears from the record that the trial judge has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the equitable distribution award will not be reversed on appeal." Blank v. Blank, 10 Va. App. 1, 9, 389 S.E.2d 723, 727 (1990). The record establishes no reversible error. Accordingly, we affirm the decree.

Affirmed.