COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Agee
Argued at Salem, Virginia


TOBY S. BLEVINS
                                     MEMORANDUM OPINION* BY
v.   Record No. 2297-01-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                          MAY 7, 2002
KATE REID BLEVINS


          FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
              Charles H. Smith, Jr., Judge Designate

          R. Wayne Austin (Scyphers & Austin, P.C., on
          brief), for appellant.

          Nancyjean Bradford (Bradford & Smith, P.C.,
          on brief), for appellee.


     Toby S. Blevins (husband) appeals an August 18, 2001 final

decree of divorce as it relates to the division of the marital

property.  Husband contends that the trial court erred in (1)

finding a part of the value of his mother's home to be marital

property where the property was given to husband and wife by

husband's mother without consideration and remained under her

control; (2) finding that an $85,000 certificate of deposit was

not marital property; (3) awarding Kate Reid Blevins (wife) a

greater proportion of the marital property when she had been at

fault in the dissolution of the marriage and where the parties

had made equal contributions to the marriage; (4) failing to

─────────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

give husband credit for his post-separation payments on a jointly owned condominium and marital residence; and (5) failing to state its reasons for awarding wife a greater proportion of the marital estate.  Finding no error, we affirm.

## I.  BACKGROUND

"On appellate review, a divorce decree is presumed correct and will not be overturned if supported by substantial, competent, and credible evidence."  Gottlieb v. Gottlieb, 19 Va. App. 77, 83, 448 S.E.2d 666, 670 (1994).

"On review, we consider the evidence in the light most favorable to the party prevailing in the trial court."  Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 31 (1989).

"'Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (quoting Martin v. Pittsylvania Department of Social Services, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)).

Husband and wife were married on November 10, 1972 and separated on April 11, 1998.  One child, who is now emancipated, was born of the marriage.  Wife filed for divorce on May 11, 1998, seeking a divorce a mensa et thoro on the grounds of cruelty and/or constructive desertion.  Husband filed his answer

- 2 -

and cross-bill on May 27, 1998 requesting a divorce based on desertion. The trial court granted husband a divorce based on wife's desertion.

The trial court made the following pertinent factual findings. Both parties are in their early fifties and have no significant health problems. Husband is a self-employed insurance broker, and wife has worked as a lab technician for thirty years. Both parties made substantial monetary and non-monetary contributions to the well-being of the family and to the acquisition and maintenance of the marital property. Neither spousal nor child support is at issue. After the separation, husband remained in the marital home.

By letter opinion and final decree of divorce, the trial court divided the parties' assets, required wife to pay husband's attorney's fees and costs and to pay him a $25,000 monetary award.

## II. HUSBAND'S MOTHER'S HOME

Husband first contends that the trial court erred in classifying the parties' one-half interest in husband's mother's home as marital property and subject to equitable allocation. He argues that even though the property was transferred by deed to both husband and wife, no consideration was given, his mother still retained control of the property, and the transfer was done only as a "matter of convenience." Thus, the trial court was required to find that the donor intended this interest to be

husband's separate property. We disagree and affirm the trial court.

"Marital property is (i) all property titled in the names of both parties, whether as joint tenants, tenants by the entirety or otherwise, except as provided by subdivision A 3, . . . (iii) all other property acquired by each party during the marriage which is not separate property as defined above. . . ." Code § 20-107.3(A)(2).

"All property acquired by either spouse during the marriage and before the last separation of the parties is presumed to be marital property." Gilman v. Gilman, 32 Va. App. 104, 116, 526 S.E.2d 763, 769 (2000). "The party claiming that property should be classified as separate has the burden to produce satisfactory evidence to rebut this presumption." Stroop v. Stroop, 10 Va. App. 611, 615, 394 S.E.2d 861, 863 (1990).

"Separate property is . . . (ii) all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party." Code § 20-107.3(A)(1).

Husband contends that Code § 20-107.3(A)(1) is applicable to the classification of his mother's gift of a one-half interest in her home to the parties. The evidence is undisputed that the property was deeded to both husband and wife and was given during the marriage and, thus, is presumed to be marital

property.  It was husband's burden to provide the trial court with "satisfactory evidence" to show a donative intent that excluded wife.  See Stroop, 10 Va. App. at 615, 394 S.E.2d at 863.  He failed to do so.

The May 6, 1985 deed of transfer from husband's mother to husband and wife contains no language of limitation, reserves no rights of any kind to the grantor and does not recite any reference as a deed of gift or of donative intent.[1]  In the

---

[1]  The language of the deed is, in pertinent part, as follows:

> THIS DEED, . . . by and between ESTHER EVELYN BLEVINS BLEVINS [sic], widow, party of the first part, and CHARLES M. BLEVINS, JR. and wife, JO ANN BLEVINS, and TOBY S. BLEVINS and wife, WILEY K. BLEVINS, parties of the second part; WITNESSETH:  That for and in consideration of the sum of TEN ($10.00) DOLLARS, cash in hand paid, and other good and valuable considerations, the receipt of all of which is hereby acknowledged, the party of the first part has bargained and sold and does hereby grant, transfer and convey unto the parties of the second part, all that certain lot or parcel of land, together with all improvements thereon and appurtenances thereunto belonging, situate in the Green Hills Subdivision . . . . TO HAVE AND TO HOLD the above described property together with all rights and appurtenances thereunto belongs, unto the parties of the second part, their heirs and assigns, in fee simple forever.  This conveyance is made with covenants of general warranty and free from encumbrances except for real estate taxes for 1985 which are to be prorated and assumed by the parties of the second part. This conveyance is made subject to any and all covenants, easements or restrictions as

- 5 -

absence of any limitation or ambiguity, the intention of the donor may be established by the actual language of the deed. No evidence was presented by the donor of a contrary intent.

Husband argues that when the trial court found that the property was deeded by his mother to the parties "for convenience," this established that she did not intend to give both her sons and daughters-in-law an equal interest therein. Husband relies on Stainback v. Stainback, 11 Va. App. 13, 396 S.E.2d 686 (1990), and Kelln v. Kelln, 30 Va. App. 113, 515 S.E.2d 789 (1999), for this proposition. However, these cases are factually inapposite to the instant case. In Stainback, the evidence established that the donor testified that his intent was to make the stock a gift to husband alone and to effecuate this intent, the stock was listed in husband's sole name. While title was not controlling, it was a proper consideration. Kelln concerned an inter vivos trust which husband and wife established during the marriage and did not concern proving the donative intent of a third party.

Credible evidence supports the trial court's finding that husband failed to carry his burden to show that the jointly titled property was intended by the donor to be husband's separate property. Thus, there was no error in the trial

_____

contained in former deeds to said property and, specifically, of record in Deed Book 215, Page 290. . . .

court's classification of this property as marital, nor in his later determination that the total value of this asset should be awarded to husband.

### III.  CERTIFICATE OF DEPOSIT

Husband next contends the trial court erred in finding an $85,000 certificate of deposit titled in both parties' names at the time of the separation to be wife's separate property.  We disagree.

The certificate of deposit was purchased by wife's parents before the parties' marriage, and its intended use was as an educational account for her benefit.  Over the ensuing years, the certificate of deposit remained in the name of wife's parents and later, changed to that of wife and her father.  When wife's father's health began to fail, he gave her a power of attorney to manage his affairs and, at that time, she re-titled the certificate of deposit jointly with husband.  Wife testified that she did not intend to make a gift to husband, removed husband's name from the certificate of deposit after their separation and placed the accrued interest into a personal account.  The trial court found that wife did not intend to give husband a gift when she re-titled the certificate of deposit and the entire corpus of $85,000 was retraceable and remained her separate property.

Code § 20-107.3(A)(3)(f) provides:  "[w]hen separate property is re-titled in the joint names of the parties, the

re-titled property shall be deemed transmuted to marital property.  However, to the extent the property is retraceable by a preponderance of the evidence and was not a gift, the re-titled property shall retain its original classification."

Code § 20-107.3(A)(3)(g) provides in pertinent part:  "[n]o presumption of gift shall arise under this section where . . . (iii) existing property is conveyed or re-titled into joint ownership."

The three elements of a gift are:  (1) intention on the part of the donor to make a gift; (2) delivery or transfer of the gift; and (3) acceptance of the gift by the donee. Theismann v. Theismann, 22 Va. App. 557, 566, 471 S.E.2d 809, 813 (1996) (citing 9A Michie's Jurisprudence, Gifts § 8 (1991)), aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

Husband relies on the analysis in Theismann as the rationale for proving that wife intended to gift husband with an interest in the certificate of deposit.  Husband argues that Theismann stands for the principle that even where a party denies that a gift was intended, if other evidence indicates a gift was made, the property will be classified as marital property.  However, while the evidence in Theismann established a gift, the evidence in the instant case does not compel the fact finder to reach the same conclusion.  In Theismann, husband acknowledged that he knew he had made wife an owner of his accounts and wanted her to share equally in the home.  Husband

memorialized his donative intent in cards to wife, stating that the farm in question was "our home" and that the money was hers to spend. Wife testified that husband bragged he had made her a "millionaire." We held that the trial court was not plainly wrong in concluding that husband intended to make a gift of the property to his wife.

The trial court, in analyzing the applicability of Code § 20-107.3(A)(3)(f) to the facts of the instant case, found that the entire corpus of the certificate of deposit was retraceable to the original certificate of deposit acquired by wife's parents and was not intended by the donor to be a gift to husband. The original certificate of deposit was purchased by wife's parents before the parties were married and was intended to be used solely for her benefit. Wife testified she did not intend to make a gift to husband when she re-titled the certificate of deposit and expected the funds to be used for the benefit of her father who resided in a nursing home. See Code § 20-107.3(A)(3)(f) (no presumption of gift). Wife continued to renew the certificate of deposit after the separation, removed husband's name, and placed the accrued interest in a personal savings account. Credible evidence supports the trial court's finding that wife did not intend to make a gift to husband and that the total amount of the certificate of deposit was properly re-traced and classified as her separate property.

## IV.  EQUITABLE DISTRIBUTION

> "[U]nless it appears from the record that the trial judge has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the equitable distribution award will not be reversed on appeal."

Arbuckle v. Arbuckle, 27 Va. App. 615, 619, 500 S.E.2d 286, 288 (1998) (quoting Blank v. Blank, 10 Va. App. 1, 9, 389 S.E.2d 723, 727 (1990)).

> The goal of equitable distribution is to adjust the property interests of the spouses fairly and equitably.  In making an equitable distribution, the court must classify the property, assign a value, and then distribute the property to the parties, taking into consideration the factors listed in Code § 20-107.3(E).  While the division or transfer of marital property and the amount of any monetary award are matters committed to the sound discretion of the trial court, any division or award must be based on the parties' equities, rights and interests in the property.

Theismann, 22 Va. App. at 564-65, 471 S.E.2d at 812 (internal citations omitted).

The factors to be considered under Code § 20-107.3(E) are, inter alia: the contributions, monetary and non-monetary, of each party in the acquisition and care and maintenance of such marital property of the parties, the duration of the marriage, how and when specific items of such marital property were

- 10 -

acquired, and the liquid or non-liquid character of all marital property.

> When an award is determined in such a manner without objection, on appeal, because of the difficulty of determining if and how the trial court considered the Code § 20-107.3(E) factors as to each separate item of property, we will look to the overall reasonableness of the award to determine whether there was an abuse of discretion. We do not examine the division of individual items of property.

Blank, 10 Va. App. at 9, 389 S.E.2d at 727.

There is no presumption, therefore, of an equal percentage division of assets. After consideration of all of the factors, one party may be entitled to a greater share of the marital estate than the other. See Gamble v. Gamble, 14 Va. App. 558, 421 S.E.2d 635 (1992).

Husband argues that the overall division of the assets is inequitable because wife received "two-thirds of the marital property" when their contributions to the marriage were found to be "pretty much equal." Husband's position is without merit as it is based on a faulty factual predicate. Husband created a table which he argues represents the division of assets set out by the trial court. Husband listed, inter alia, three items of real property, eleven items of personal property, seven items of intangible assets, and the trial court's $25,000 monetary award

- 11 -

to him.  Husband's calculations reflected a property division of $191,100 to him and from $309,797 to $385,553 to wife.

Husband's chart mischaracterizes the trial court's holding in several areas.  Initially, he states the trial court awarded $41,500 of the value of his mother's home to wife.  However, the record reflects that the trial court held that "the parties' undivided one-half interest [in husband's mother's home] is awarded to Mr. Blevins as his sole, separate property.  Mrs. Blevins will be required to convey her interest therein to him."  Thus, the $41,500 husband states wife received from this property is, in fact, zero.  Additionally, husband failed to subtract from wife's assets the equitable distribution award of $25,000 payable to him.  This error, along with husband's mischaracterization of the division of the funds from his mother's house, accounts for $66,500 of the alleged disparity.

Husband also disputes the trial court's award of wife's retirement account "as her sole, separate property."  Husband's expert placed a present value of the marital share of this pension to be $196,249 at age fifty-five and $120,493 at age sixty-five.  The trial court considered this retirement amount in conjunction with husband's retirement assets and awarded "husband his retirement account . . . and the cash value of his

whole life policy as his sole, separate property" along with the $25,000 monetary award.

> [Code § 20-107.3] does not require that a spouse be awarded a percentage of all marital properties. Instead, the trial court must make a fair and equitable monetary award after consideration of the statutory factors. Consideration of the factors as applied to various assets can justify different equities in each of those assets.

Theismann, 22 Va. App. at 570, 471 S.E.2d at 815.

Husband's next contention that the trial court failed to consider wife's fault in the dissolution of the marriage in its award is without merit. As we stated in Aster v. Gross, 7 Va. App. 1, 371 S.E.2d 833 (1988),

> circumstances that lead to the dissolution of the marriage but have no effect upon marital property, its value, or otherwise are not relevant in determining a monetary award, need not be considered. A trial court may only consider those circumstances leading to the dissolution of the marriage, that are relevant to determining a monetary award in order to avoid an unreasonable result.

Id. at 5-6, 371 S.E.2d at 836. No evidence in the record establishes that wife's desertion had an economic impact on the marital estate, and appellant cites no specific evidence in support of this argument. Equitable does not necessarily mean equal, and we cannot say the trial court abused its discretion in fashioning its equitable distribution plan.

- 13 -

## V.  HUSBAND'S POST-SEPARATION PAYMENTS

Husband next contends that the trial court failed to consider or credit post-separation maintenance payments he made on a vacation condominium and on the marital residence.[2]

The record reflects that the trial court both considered and addressed husband's post-separation payments on the vacation condominium and the marital residence.  It found that "Mr. Blevins had paid the taxes and insurance and taken care of routine maintenance" on the marital home.  It also found that husband had resided in the home since the separation and that the residence had a "fair rental value of $400 per month."

The vacation condominium, which had an indebtedness of $11,500 secured by the marital home, was found by the trial court to "probably [have] been extinguished by this time period."  Husband made all the payments on the condominium indebtedness, including maintenance, taxes and insurance.  Prior to the parties' separation, wife managed this rental property and the parties received between $5,500 and $6,300 per year in rental income.  Since the separation, the condo was used on occasion by husband and had not been rented.

---

[2] We note that husband does not raise the issue of whether his post-separation mortgage payments created a separate property interest.  Rather, he requested only that the trial court divide "the value of the residence . . . on an equal basis."

The marital home was awarded to wife as her separate property, and the vacation condo was awarded to husband.

"Although the separate contribution of one party to the acquisition, care, and maintenance of martial property is a factor that the trial court must consider when making its award of equitable distribution, Code § 20-107.3 does not mandate that the trial court award a corresponding dollar-for-dollar credit for such contributions."  von Raab v. von Raab, 26 Va. App. 239, 249-50, 494 S.E.2d 156, 161 (1997).

We hold that the trial court did not abuse its discretion because it considered husband's post-separation payments on these properties in conjunction with his exclusive use and the rental value of each.  These benefits, which accrued to him, were properly considered by the trial court.  See Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

VI.  FAILURE OF TRIAL COURT TO STATE REASONS FOR AWARD

Lastly, husband contends that the trial court erred in failing to state its reasons for "awarding wife two-thirds of the property."  As noted in Section IV, husband's calculations as to the amount awarded are erroneous.  Additionally, the trial court properly classified, valued and distributed each item of property submitted.

> The requirement that the trial court
> consider all of the statutory factors
> necessarily implies substantive
> consideration of the evidence presented as
> it relates to all of these factors.  This

> does not mean that the trial court is
> required to quantify or elaborate exactly
> what weight or consideration it has given to
> each of the statutory factors.  It does
> mean, however, that the court's findings
> must have some foundation based on the
> evidence presented.  Therefore, we hold that
> in a determination involving spousal
> support, if the court's findings do not have
> evidentiary support in the record, then the
> court has abused its discretion.

Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

The trial court's findings have evidentiary support in the record and, accordingly, we cannot say the trial court abused its discretion in making the equitable distribution award.

Affirmed.