COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Agee
Argued at Alexandria, Virginia


JOHN ZALUSKY
                                          MEMORANDUM OPINION* BY
v.    Record No. 0199-02-4              JUDGE LARRY G. ELDER
                                           NOVEMBER 19, 2002
DONNA ZALUSKY


             FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   Benjamin N. A. Kendrick, Judge

          Mary M. Benzinger (Raymond B. Benzinger;
          Benzinger & Benzinger, P.C., on briefs), for
          appellant.

          Susan M. Butler (Margolius, Mallios, Davis,
          Rider & Tomar, L.L.P., on brief), for
          appellee.


     John Zalusky (husband) appeals from a final decree of

divorce classifying, valuing, and equitably distributing

property owned by him and his former spouse, Donna Zalusky

(wife).  On appeal, he contends the trial court (1) erroneously

classified various assets, (2) erroneously calculated the value

of the marital residence and (3) erroneously refused to allow

him a credit for his post-separation expenditures for the

marital residence.  Both parties seek attorney's fees and costs

incurred on appeal.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

We hold the trial court failed expressly to classify a patent and its proceeds and may have applied an incorrect legal standard in holding that "no award shall be given to [husband]" from the proceeds of the patent's sale. Also, the court erred in holding wife succeeded in retracing her entire separate contribution to the Wheat First account and in calculating the earnings thereon.

Further, it erred in classifying as marital property husband's pickup truck and Charles Schwab brokerage account and in granting wife a credit for sums husband was allowed to withdraw from the brokerage account during the pendency of these proceedings. Finally, husband failed to preserve for appeal his argument that no evidence supported the finding that expenses for selling the marital residence would equal seven percent, and we do not consider this issue on the merits.

In all other respects before us on appeal we affirm, and we deny the parties' competing requests for attorney's fees and costs. Thus, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

### I.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge . . . ." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). On appeal, we review the evidence in the light most favorable to

-

the party prevailing below.  See, e.g., Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999).

A.

CLASSIFICATION OF THE PATENT

Pursuant to Code § 20-107.3, a court dissolving a marriage, "upon request of either party, shall determine the legal title as between the parties, and the ownership and value of all property" and classify that property as separate property, marital property, or part separate and part marital property. Code § 20-107.3(A).

"All property . . . acquired by either spouse during the marriage . . . is presumed to be marital property in the absence of satisfactory evidence that it is separate property."  Code § 20-107.3(A)(2).  "A partner in a marriage owes his labor during the marriage to the marital partnership[, and] [t]he fruits of that labor, absent express agreement, are marital property."  Stainback v. Stainback, 11 Va. App. 13, 24, 396 S.E.2d 686, 693 (1990).  Conversely, property acquired by a party after the last separation is presumed to be separate property, but that presumption is rebuttable.  Code § 20-107.3(A); Dietz v. Dietz, 17 Va. App. 203, 211-12, 436 S.E.2d 463, 468-69 (1993).  Where property, although acquired post-separation, is acquired with marital assets or as a result of the efforts of either party expended during the marriage, the property is marital.  See Dietz, 17 Va. App. at 210, 436 S.E.2d

-

at 468; see also, e.g., Luczkovich v. Luczkovich, 26 Va. App.

702, 708-09, 496 S.E.2d 157, 160 (1998) (severance package);

Banagan v. Banagan, 17 Va. App. 321, 324-25, 437 S.E.2d 229,

230-31 (1993) (retirement benefits).

These principles are equally applicable to the

classification of

> intellectual property interests[, which are]
> acquired when the owning spouse expends the
> necessary effort and not when they are
> actually received.  Thus, a copyright
> received shortly after the marriage begins
> should be separate property if the owning
> spouse performed the necessary work before
> the marriage.  Similarly, if a spouse
> expends all of the necessary effort during
> the marriage, but actually receives the
> patent a week after the date of
> classification, the patent should be marital
> property.  Where the work is done partly
> before and partly after the marriage, a
> patent would logically have both marital and
> separate interests.

Brett R. Turner, Equitable Distribution of Property § 6.23, at

433-34 (2d ed. 1994) (emphasis omitted).

Here, the trial court held that "no award shall be given to

[husband]" from the proceeds of the sale of the "Twistee" patent

but did not indicate the basis for that decision.  Wife argues

that this statement constituted a ruling that the patent was her

separate property.  We are unable to determine whether the trial

court's ruling constituted a classification of the property as

separate.  However, the trial court had a duty to classify all

property, see Code § 20-107.3(A), and to the extent the trial

-

court's statement constituted a ruling that the patent was wife's separate property, that ruling was erroneous based on the principles discussed above.

The evidence, viewed in the light most favorable to wife, supports the court's findings that "the device was [wife's] idea" and that "the patent was granted after the parties' separation." However, these facts do not support the conclusion that no portion of the patent proceeds were marital or that husband was not entitled to any share of the marital portion. Uncontradicted evidence proved that the idea for an earlier version of the "Twistee" came into being during the parties' marriage, that husband created several prototypes in his shop, that husband completed an application for a provisional patent for the device in wife's name, and that the provisional patent protected wife's interest in the device until she was able to finalize the design and to apply for and receive the patent itself.

Thus, we conclude from this evidence that some portion of the proceeds from the sale of the patent was marital, and we remand to the trial court to apply the proper legal standard to a classification and division of those proceeds. We note, however, that the classification of some or all of an asset as marital does not prevent a trial court from awarding the full value of that asset exclusively to one party as long as the

-

decision to do so does not constitute an abuse of discretion under the facts of the particular case.

### B.

### CLASSIFICATION OF WHEAT FIRST BROKERAGE ACCOUNT

Husband contends the trial court erred in finding wife provided sufficient evidence to establish the fact and amount of her initial separate contribution to the Wheat First brokerage account and to retrace a portion of the funds in the account at the time of separation to that initial contribution. He asserts that wife's testimony, with only minimal supporting documentation, was insufficient to allow her to meet her burden of proof. He also emphasizes that the account balance fell below the amount of wife's claimed initial contribution and that the exhibit purporting to track the growth of this contribution improperly calculated interest on a negative marital contribution.

Wife's testimony, if believed by the trial court, was sufficient to establish that wife opened the Wheat First brokerage account with $27,107 in separate funds, proceeds from the sale of a house she owned prior to the parties' marriage. "It is well established that the trier of fact ascertains [witnesses'] credibility, determines the weight to be given their testimony, and has the discretion to accept or reject any of the [witnesses'] testimony[, whether in whole or in part]." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668

-

(1997) (en banc); see also Anderson, 29 Va. App. at 684-88, 514 S.E.2d at 375-77 (affirming trial court's rejection of Mr. Anderson's tracing testimony).  "Where a particular link in the tracing chain is based solely upon the unsupported testimony of one spouse, the trial court is free to credit that testimony and find the asset to be separate property."  Turner, supra, § 5.23, at 274.

Although the evidence was sufficient to establish wife's initial separate contribution, it also established that wife withdrew substantial amounts of those separate funds to pay marital bills, significantly depleting her initial separate contribution.  Because subsequent deposits of marital funds into that account were retraceable and no evidence established that the parties intended for those deposits to be repayments of a loan from wife's separate funds, those subsequent marital deposits remained marital property.

"[P]roperty which is marital may become separate only through 'a valid, express agreement by the parties,' Wagner[ v. Wagner], 4 Va. App. [397,] 404, 358 S.E.2d [407,] 410 [(1987)]; Code § 20-155 (marital provisions of Premarital Agreement Act), or as provided in Code § 20-107.3(A)(3)(d)."  McDavid v. McDavid, 19 Va. App. 406, 411, 451 S.E.2d 713, 716-17 (1994). That subsection provides as follows:

> d.  When marital property and separate property are commingled by contributing one category of property to another, resulting

-

> in the loss of identity of the contributed property, the classification of the contributed property shall be transmuted to the category of property receiving the contribution.  However, to the extent the contributed property is retraceable by a preponderance of the evidence and was not a gift, such contributed property shall retain its original classification.

Code § 20-107.3(A)(3)(d) (emphasis added).

Wife's act of depositing marital funds, her earnings during the marriage, into her separately titled Wheat First brokerage account, which initially contained only her separate funds, resulted in the presumption that the marital funds were transmuted back into wife's separate property.  See Moran v. Moran, 29 Va. App. 408, 413, 512 S.E.2d 834, 836 (1999).  However, Code § 20-107.3(A)(3)(d) provides that the contributed property, here the marital funds in the form of wife's earnings, shall retain its classification as marital to the extent it is retraceable by a preponderance of the evidence and was not a gift.

We hold the property was retraceable because the evidence showed the net marital transactions for most years during the marriage and no evidence established that the deposits of marital funds were a gift or even repayment of a loan resulting from wife's earlier use of separate funds to pay marital expenses.  Although wife's exhibit 30 treated the funds as if they were repayment of a loan, no evidence tended to show that either party had such an intent contemporaneous with any of the

-

transactions. Thus, wife was entitled to reclaim as her separate property only the minimum account balance, as shown by wife's exhibit 30, which was accepted by the trial court. Correspondingly, wife was entitled to growth only on that separate property which remained in the account.

C.

CHARLES SCHWAB BROKERAGE ACCOUNT

1. CLASSIFICATION OF HUSBAND'S SCHWAB ACCOUNT AND INHERITANCE

Husband contends the trial court erroneously classified his individual Charles Schwab brokerage account as marital, especially in light of its statement that the inheritance husband received from his mother, which he deposited in the Charles Schwab account, was his separate property and had been maintained as separate property. We agree with husband.

As set out above, property acquired by a party after the last separation is presumed to be separate property. Dietz, 17 Va. App. at 211-12, 436 S.E.2d at 468-69. Uncontradicted evidence, in the form of account statements for Charles Schwab brokerage account #9725-0653, established that husband opened the account in the year 2000, after the parties' separation in 1998, entitling him to the presumption that all funds in the account were his separate property. Wife proved that husband transferred $269.62 from the parties' joint Charles Schwab brokerage account into husband's new individual Schwab account, and she sought a credit for half that amount. However, she did

-

not seek any interest on that amount and offered no evidence to establish that any other funds in that account were marital. Thus, husband was entitled to the presumption that the funds in the account beyond the $269.62 were his separate property. Although husband had no duty to prove a non-marital source of the remaining funds in the account, he testified that he received an inheritance of approximately $40,000 upon his mother's death in August 2000.

## 2. WITHDRAWALS FROM THE SCHWAB ACCOUNT FOR FEES AND COSTS

Husband contends the trial court erroneously awarded wife a credit of $25,000 for monies husband was permitted to withdraw from the Schwab brokerage account. Based on our conclusion above, that all but $269.62 of this account was husband's separate property, we hold the trial court erred in awarding wife a credit for $25,000. Because the account was husband's separate property, wife had no interest in it, and husband was free to spend it as he wished.

### D.

### HUSBAND'S PICKUP TRUCK

Husband contends the trial court erroneously classified his 1990 Ford pickup truck, which he purchased after the separation, as marital property. Wife concedes the pickup truck was husband's separate property and that she should not have been awarded $2,875, which represents half the equity in the truck.

-

Based on this concession, we remand to the trial court for an appropriate adjustment in the equitable distribution award.

E.

MARITAL RESIDENCE

1. VALUATION: DEDUCTION OF SELLING EXPENSES

The court did not err in allowing a deduction for selling expenses simply because it awarded the marital residence to wife without requiring her to sell it. Deductions for "[e]xpenses of sale, such as a broker's fee in the sale of real estate," are proper "if the asset is actually being sold or is likely to be sold." Peter N. Swisher, Lawrence D. Diehl & James R. Cottrell, Virginia Family Law § 11-25(a), at 492 (3d ed. 2002). Here, uncontradicted evidence established that wife wished to sell the property and that two offers of purchase had already been made, making wife's sale of the property likely.

Our holding in Arbuckle v. Arbuckle, 22 Va. App. 362, 470 S.E.2d 146 (1996), cited by husband, does not require a different result. Arbuckle, in which we distinguished our holding in Barnes v. Barnes, 16 Va. App. 98, 105-06, 428 S.E.2d 294, 300 (1993), supports the conclusion that the trial court's deduction of selling expenses was not error because sale was likely and, therefore, not speculative. Arbuckle, 22 Va. App. at 365-66, 470 S.E.2d at 146-48.

Husband also contends no evidence supported wife's representation, adopted by the trial court, that selling

-

expenses would equal seven percent.  However, husband failed to preserve this issue for appeal.  "In order to be considered on appeal, an objection must be timely made and the grounds stated with specificity."  Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986) (emphasis added).  "It is the duty of a party . . . to state the grounds of his objection, so that the trial judge may understand the precise question or questions he is called upon to decide."  Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 651, 20 S.E.2d 489, 492-93 (1942).

Here, husband specifically objected to the court's deduction of selling expenses only on the ground that the court awarded the residence to wife and did not require her to sell it.  He objected only generally to the court's reliance on three of wife's exhibits, including the one purporting to calculate the parties' interests in the marital residence, on the ground that they "contain[ed] assertions of fact that receive no support in testimony or . . . elsewhere in the record and exhibits, or in attachments thereto."  We hold these objections were insufficient to permit the trial court to "understand the precise question or questions [it] is called upon to decide."  Id.  Thus, we affirm the trial court's calculation of the value of husband's share of the marital residence and its award of the residence to wife.

-

## 2. CREDIT FOR EXPENSES FOR MARITAL RESIDENCE

"Although the separate contribution of one party to the acquisition, care, and maintenance of marital property is a factor that the trial court must consider when making its award of equitable distribution, Code § 20-107.3 does not mandate that the trial court award a corresponding dollar-for-dollar credit for such contributions." von Raab v. von Raab, 26 Va. App. 239, 249-50, 494 S.E.2d 156, 161 (1997). Here, the evidence established that when the parties separated, they agreed husband would stay in the house and make the mortgage payments. Husband remained in the house for only six months and then moved to Florida. Although he rented out the basement apartment and two of the bedrooms in the main part of the house, he maintained a bedroom for his own use when he returned to visit his children and grandchildren, and he allowed his forty-year-old son to occupy a fourth bedroom without paying rent.

Husband received rent of $1,350 per month for the apartment and two bedrooms, which exceeded the monthly mortgage obligation of approximately $1,150. Although he alleged a net loss of $37,640.46, the expenses he claimed included costs the court was entitled to find were unnecessary, inappropriate, or incredible. He included as expenses $2,736 he paid to wife for a joint tax obligation and $2,340 in mileage expenses for three round trips from Florida to care for the house. He included monthly expenses for cable television and telephone but testified that

-

he paid these expenses on a property he rented to others "[b]ecause [he] use[d] the property."  He also included expenses for water, gas, electricity, housekeeping and household supplies.  He claimed that these items were "part of the rent," but he did not indicate what portion of those expenses was paid in exchange for rent received from his tenants and what portion was attributable to his and his son's use of the house.

Husband testified that in addition to "maintaining [the] marital property," some of his expenditures were "to get the house back in shape to make it attractive to potential buyers." However, he offered no evidence that these post-separation expenditures increased the value of the house.

Because husband (1) had exclusive possession of the marital residence and all rental income therefrom and (2) furnished evidence of expenses to maintain and improve the property which the trial court could properly find were unnecessary, inappropriate, or incredible, the court did not abuse its discretion in awarding wife a credit for four months of mortgage payments without giving husband a corresponding credit.

## F.

### ATTORNEY'S FEES AND COSTS

Both parties seek an award of attorney's fees and costs on appeal.  Because we affirm in part and reverse in part, we find it appropriate that the parties bear their own fees and costs, and we deny the parties' requests.

-

CONCLUSION

We hold the trial court failed expressly to classify a patent and its proceeds and may have applied an incorrect legal standard in holding that "no award shall be given to [husband]" from the proceeds of the patent's sale. Also, the court erred in holding wife succeeded in retracing her entire separate contribution to the Wheat First account and in calculating the earnings thereon.

Further, it erred in classifying as marital property the Charles Schwab brokerage account opened by husband after the parties' separation where wife's evidence established that only $269.62 of the funds in that account were marital and that the bulk of the account was derived from husband's inheritance from his mother. Because this account was husband's separate property, the court erred in granting wife a credit for the sums husband was allowed to withdraw from that account during the pendency of these proceedings. As conceded by the parties, the court erred in classifying husband's pickup truck as marital property. Finally, husband failed to preserve for appeal his argument that no evidence supported the finding that expenses for selling the marital residence would equal seven percent, and we do not consider this issue on the merits.

In all other respects before us on appeal we affirm, and deny the parties' competing requests for attorney's fees and

-

costs.  We remand to the trial court for further proceedings consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>