## Alexandria

WILLIAM RAND BARNES

v.

LUCILLE FRANCESCHINO BARNES

No. 0130-92-4

Decided March 16, 1993

COUNSEL

Martin A. Gannon (Michael A. Ward; Gannon, Cottrell & Ward, P.C., on brief), for appellant.

Dennis J. Smith (Shoun, Smith & Bach, on brief), for appellee.

OPINION

**COLEMAN, J.**—William Rand Barnes (husband) appeals from a final decree of divorce. The trial court granted the husband a divorce on the ground of adultery. The husband contends, however, that the trial judge erred in her orders of spousal support, distribution of marital

property, award of litigation costs, and by not granting him a divorce on the additional ground of desertion by Lucille Barnes (wife). For the reasons that follow, we hold that the trial court did not err. Accordingly, we affirm the decree of divorce and the awards of spousal support, property distribution and payment of legal costs.

The husband and wife were married in June, 1981. Prior to the marriage, the husband had become president of an insurance adjuster's firm in which he owned a forty percent interest. The wife did not participate in the business, but she did accompany her husband to conventions and hosted social gatherings to entertain his clients. The wife did not work outside the home.

By the mid-1980s the marriage had begun to deteriorate. The wife complained that her husband did not spend enough time alone with her and often made demeaning and humiliating remarks about her in the presence of others. The parties conceded that by 1989, the marriage had ended. In early 1990, the wife filed for divorce on the grounds of mental cruelty and constructive desertion. The husband alleged in his cross-bill that the wife deserted him and that she had committed post-separation adultery. The wife admitted to post-separation adultery.

The commissioner found that the wife had committed adultery but that she had not deserted her husband. The commissioner also found that the husband had not been guilty of cruelty or constructive desertion. The trial judge sustained the findings and granted the husband a divorce on the ground of adultery.

As to equitable distribution of the property, the judge classified the husband's forty percent interest in his insurance adjuster's business as marital property and granted the wife a monetary award of five percent of the husband's interest. The husband's interest in the firm was valued at $192,000; thus, the award to the wife was $9,600. As to spousal support, even though the wife had committed adultery, the trial judge granted her $1,200 per month in order to avoid a manifest injustice in accordance with Code § 20-107.1. The judge also granted the wife, as part of the monetary award, an amount equal to thirty-five percent of the value of the marital home and noted in the order that the husband would remain liable for any capital gains tax that might accrue if he should sell the home. The judge ordered the husband to pay one-half of the wife's $38,000 attorney's fees and one-half of the

$7,700 expense to appraise his business. The husband appeals the divorce decree and the awards of spousal support, property distribution and litigation costs.

## I. GROUNDS — DESERTION

The trial judge did not err by granting the husband a divorce on the ground of the wife's post-separation adultery, rather than desertion. *See Lassen v. Lassen*, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989). Moreover, the trial judge did not err by accepting the commissioner's finding that the wife did not desert the husband. Desertion occurs when one spouse breaks off marital cohabitation with the intent to remain apart permanently, without the consent and against the will of the other spouse. *Butler v. Butler*, 145 Va. 85, 91, 133 S.E. 756, 758 (1926); *Arrington v. Arrington*, 196 Va. 86, 92, 82 S.E.2d 548, 551 (1954). The facts establish that both parties had "accepted that the marriage had ended, that both intended to separate at some time in the future, and that the husband acquiesced in the separation, precluding the finding of desertion." The chancellor's findings are supported by the evidence. Furthermore, where one spouse has filed suit for divorce, as had the wife, she is justified in leaving the marital residence, *Alls v. Alls*, 216 Va. 13, 14, 216 S.E.2d 16, 17 (1975), so long as her complaint was not unfounded and she did not file suit as a ruse to "desert with impunity." *Byrd v. Byrd*, 232 Va. 115, 119, 348 S.E.2d 262, 264 (1986); *Roberts v. Roberts*, 223 Va. 736, 741, 292 S.E.2d 370, 372 (1982). Even though the wife did not prevail on her bill of complaint that husband was guilty of cruelty and constructive desertion, the evidence supports the trial judge's finding that the wife did not file suit with a fraudulent or frivolous intent. Accordingly, the trial judge did not err in finding that the wife did not desert the marriage.

## II. SPOUSAL SUPPORT

The trial judge found that "[a]lthough the divorce grounds of adultery exist in favor of Mr. Barnes . . . a denial of support under these circumstances would create manifest injustice."

Code § 20-107.1 provides in relevant part:

Any maintenance and support shall be subject to the limitations set forth in § 20-109, and no permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground for divorce under the provisions of § 20-91(1) [adultery, sodomy, or buggery]. However, the court may

> make such an award notwithstanding the existence of such ground if the court determines from *clear and convincing evidence*, that a denial of support and maintenance would constitute a *manifest injustice*, based upon the respective degrees of fault during the marriage and the relative economic circumstances of the parties.

(Emphasis added). Code § 20-107.1 abolished the long standing absolute bar that a spouse who had a ground for divorce in his or her favor could not be required to pay permanent spousal support. The statute retains a provision barring payment where grounds for divorce exist for adultery, sodomy, or buggery, except when the denial of support would constitute a manifest injustice. In order to find that denial of support will constitute a manifest injustice, the court must base that finding on the parties' comparative economic circumstances *and* the respective degrees of fault. The husband does not dispute that he enjoys a superior economic position than that of his wife. He contends, however, that in order for a denial of support to constitute a manifest injustice, under the other prong of the statute, he must at least bear some "degree[] of fault during the marriage." He argues that Code § 20-107.1 precludes the trial judge from granting support to his wife because there can be no "respective degrees of fault" where he was not found to have committed any marital fault and she was found to have committed adultery.

"[R]espective degrees of fault during the marriage" are not limited to legal grounds for divorce. We hold that "fault during the marriage" encompasses all behavior that affected the marital relationship, including any acts or conditions which contributed to the marriage's failure, success, or well-being. The "respective degrees of fault" are, however, but one of the two considerations the court must take into account in determining whether a denial of support constitutes a manifest injustice. Even though one party may have been the major force in creating the "fault during the marriage" which led to its dissolution and the other spouse may have been relatively blameless, those conditions constitute but one of the factors the court must weigh. The court must also weigh and consider the parties' relative economic positions in deciding whether it would be manifestly unjust to deny a spousal support award.

The trial judge did not disregard the parties' respective degrees of fault during the marriage and base her finding of manifest injustice solely upon the parties' disproportionate economic circumstances. The

judge expressly noted and considered that the wife had committed adultery. The adultery, however, occurred after the parties were separated and, according to the finding of the trial judge, after the marriage had been irretrievably lost. That finding is supported by credible evidence. The evidence showed that the post-separation adultery had little, if anything, to do with causing the deterioration of the marriage or in preventing a possible reconciliation. *See Derby v. Derby*, 8 Va. App. 19, 24, 378 S.E.2d 74, 76 (1989). The marriage had been irretrievably lost due to gradual dissolution caused by *mutual* inattention and fault from both parties. The trial judge found that the husband's inattention to the wife and the amount of time he devoted to his business which often took him away from home, and her inattention to him by moving out of the marital bed and watching television late into the night, led to the gradual dissolution of the marriage. Both parties ''accepted that the marriage had ended'' prior to the wife's acts of adultery. *See id.* As to the economic factor of the equation, the wife's earning capacity and her assets were substantially less than those of her husband. Thus, the trial judge considered ''the respective degrees of fault during the marriage'' and the parties' relative economic situations in finding that to deny the wife spousal support due to her post-separation adultery would be manifestly unjust under these circumstances. The evidence supports the trial judge's conclusion that, based on the parties' respective degrees of fault during the marriage and their relative economic circumstances, a denial of spousal support to the wife would be manifestly unjust.

In regard to the amount of the spousal support award, we will reverse an award on that basis only for an abuse of discretion or the judge's failure to consider all the factors set forth in Code § 20-107.1. *Steinberg v. Steinberg*, 11 Va. App. 323, 329, 398 S.E.2d 507, 510 (1990); *Ray v. Ray*, 4 Va. App. 509, 514, 358 S.E.2d 754, 757 (1987). The husband argues that the award of $1,200 per month is excessive and, therefore, constitutes an abuse of discretion because in 1991 his salary decreased by twenty-five percent, he had incurred substantial debt, and the value of his assets had substantially diminished. He also asserts that his wife's lack of financial assets was due to her choice not to work outside the home and he should not bear the consequences of that choice.

The trial judge considered all relevant factors set forth in Code § 20-107.1. The amount of spousal support was reasonable in light of those factors. Although the husband's company had reduced

the salary it paid him, he was earning $93,750 per year, compared to the wife's income of approximately $140 per month. The wife's expenses were approximately $3,390 per month. She had $22,000 in legal expenses. The husband had supported his wife's election to remain at home. He accepted her "style of life as consistent with his view of what the role and function of his wife should be." In weighing the relative needs, earning capacities and abilities of the parties, their ages, the duration of the marriage, and the manner in which the parties were accustomed to living during the marriage, the trial judge did not abuse her discretion in requiring the husband to pay $1,200 per month in spousal support from his monthly income of more than $7,700.

## III. EQUITABLE DISTRIBUTION —
## A. HUSBAND'S INSURANCE ADJUSTER'S BUSINESS

The husband contends that his forty percent interest in his insurance adjuster's business was incorrectly classified as marital property. Because he acquired the entire interest before marriage, he argues that it should have been classified as his separate property pursuant to Code § 20-107.3. Code § 20-107.3 provides that property acquired during the marriage is presumed to be marital and property acquired before marriage is presumed to be separate. At the time of the trial court proceedings, property had to be classified as either marital or separate property; it could not be classified as part marital or part separate. *Smoot v. Smoot*, 233 Va. 435, 441, 357 S.E.2d 728, 731 (1987); *Brown v. Brown*, 5 Va. App. 238, 243, 361 S.E.2d 364, 367 (1987).[1] Separate property acquired by one spouse before marriage will be transmuted into marital property if it is commingled with marital property, *Westbrook v. Westbrook*, 5 Va. App. 446, 454, 364 S.E.2d 523, 528 (1988); *Ellington v. Ellington*, 8 Va. App. 48, 53, 378 S.E.2d 626, 628 (1989), or if the non-owning spouse makes monetary or nonmonetary contributions that enhance the value of the separate property, it may be transmuted into marital property. *Lambert v. Lambert*, 6 Va. App. 94, 101, 367 S.E.2d 184, 188 (1988). Furthermore, prior to the 1990 amendment to Code § 20-107.3, even though the amount of marital property that is commingled with separate property may be insubstantial, if the non-owning spouse nevertheless makes significant monetary or nonmonetary contributions to the marital relationship, that contribution is sufficient to transmute what was

---

[1] Effective July 1, 1990, Code § 20-107.3 was amended to create a classification of property that is part marital and part separate. Because the present case was filed before July 1, 1990, the amendment does not apply.

separate business property into marital property where the owning spouse devotes his efforts throughout the marriage to working in the business. *Taylor v. Taylor*, 9 Va. App. 341, 345, 387 S.E.2d 797, 799 (1990); *Lambert*, 6 Va. App. at 103, 367 S.E.2d at 190. The fact that relatively unequal contributions made during marriage, either monetary or nonmonetary, transmute separate property to marital "need not work an inequity to the party who brought the separate property to the marriage." *Lambert*, 6 Va. App. at 103-04, 367 S.E.2d at 190; *see also Taylor*, 9 Va. App. at 354, 387 S.E.2d at 800; *Ellington*, 8 Va. App. at 54, 378 S.E.2d at 629. The trial judge, when making a monetary award under Code § 20-107.3, must consider, among other factors, the contributions of each party in acquiring, preserving, and maintaining the property. *Lambert*, 6 Va. App. at 104, 367 S.E.2d at 190.

Although the husband acquired his interest in the insurance adjuster's business before marriage, his vocational efforts to support his family throughout eight years of marriage were devoted to working in and establishing the adjusting business. During that same time, the wife made substantial nonmonetary contributions to the marriage, including entertaining the husband's business associates and accompanying him to business conventions and business-related functions, which he expected for his business purposes. The evidence was sufficient to support the trial judge's holding that the wife's nonmonetary contributions to the husband's business and the marriage, and the husband's contributing his efforts and earnings throughout the marriage, transmuted his interest, which had been separate property, into marital property. The trial judge did not err in awarding the wife five percent for her interest in that marital asset.

## B. TAX CONSIDERATIONS

■ Code § 20-107.3(E)(10) requires that the trial court, in distributing marital property or making a monetary award, consider the tax consequences to each party. The trial judge ruled that the wife was to receive an award of thirty-five percent of the value of the jointly owned marital residence and title to the home was to be transferred to the husband. The order noted that the husband would be required to assume the entire liability for capital gains tax that might arise if the property were to be sold.

Internal Revenue Code § 1041 provides that a transfer of property between a husband and wife, or a former husband and wife, incident to divorce, is a nontaxable transaction in which the recipient assumes

the existing adjusted basis in the property and all liability for any capital gains tax incurred in the event of a subsequent taxable disposition of the property.[2] In fashioning her award, the trial judge recognized and took into account the tax provisions of the Internal Revenue Code regarding intraspousal transfers and adjusted the monetary award to the wife by giving her the cash sum that she would be due had there been a cash sale and the proceeds were not reinvested in a residence. The amount of the award represented the approximate actual cash value that each would have received had the residence been liquidated. Accordingly, the trial judge, by noting that the husband would bear the responsibility of the capital gains tax, did no more than recognize what the Internal Revenue Code would require of the husband should he later sell the property. The trial judge did not err by considering and noting that the tax law would require the husband to pay any future capital gains tax that may become due.

## IV. ATTORNEY FEES

■ An award of counsel fees and litigation costs is within the sound discretion of the trial judge and will only be disturbed on appeal if there has been an abuse of discretion. *Rowand v. Rowand*, 215 Va. 344, 346-47, 210 S.E.2d 149, 151 (1974); *Kaufman v. Kaufman*, 7 Va. App. 488, 500, 375 S.E.2d 374, 380 (1988). The determination of the proper amount of attorney's fees is based upon the circumstances of the parties. *Rowand*, 215 Va. at 346-47, 210 S.E.2d at 151. The wife had incurred approximately $38,000 in attorney's fees and $7,706 in expert fees connected with the litigation. The husband vigorously pursued his complaint that the wife deserted him. The husband hindered the wife's efforts to obtain a valuation of his interest in the insurance adjuster's business by objecting to her request for production of documents on the ground that he did not possess the business accounts. As a result, the court held an additional hearing on that issue, and the wife incurred additional costs for filing and serving another request for production of documents on the corporate entity in order to obtain the business records. Furthermore, the disparity in the economic situations of the parties, and the disproportionate division of marital assets, rendered the decision of the trial judge reasonable. Accordingly, the trial

---

[2] We do not decide that a trial court can order one party to assume a tax liability of the other. The court's order did not transfer a tax liability, but simply took into consideration what the tax consequences would be as to the net equities of the parties in the property.

judge did not abuse her discretion by awarding the wife one-half of her legal fees and the cost of appraising the business.

*Affirmed.*

Baker, J., and Fitzpatrick, J., concurred.