COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


LUTHER C. HELBERT, JR.
                                        MEMORANDUM OPINION*
v.   Record No. 0794-98-3                   PER CURIAM
                                         AUGUST 25, 1998
DYANNE WEBB HELBERT


                FROM THE CIRCUIT COURT OF WISE COUNTY
                        J. Robert Stump, Judge

            (Carl E. McAfee; McAfee & Associates, on
            briefs), for appellant.

            (Leonard D. Rogers, on brief), for appellee.


     Luther C. Helbert, Jr. (husband) appeals the decision of the

circuit court awarding spousal support to Dyanne Webb Helbert

(wife).  Husband contends that the trial court (1) erred by

failing to rule on his claim that wife committed adultery,

despite clear and convincing evidence supporting his claim; (2)

erred by ruling that a manifest injustice would occur if wife did

not receive spousal support; and (3) abused its discretion by

awarding wife $1,400 in monthly spousal support while ordering

husband to be solely liable on a $100,000 federal tax lien.

Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Husband contends that the trial court erred by failing to rule on his claim that wife committed adultery. He alleges that there was clear and convincing evidence of wife's adultery. The trial court ruled in its letter opinion that husband failed to file an amended cross-bill alleging adultery as a ground for divorce.[1] In addition, the trial court found that husband did not establish wife's post-separation adultery by clear and convincing evidence, and, in any case, wife's actions after the parties separated "had nothing to do with the deterioration of the marriage and did not prevent possible reconciliation." Wife was awarded a divorce on the ground of husband's desertion without justification.

Our review of the record confirms the trial court's finding that husband failed to properly file his amended cross-bill pleading adultery as a ground for divorce. Husband filed an amended cross-bill without first seeking and obtaining leave from the trial court. See Rule 1:8. By order dated February 10, 1995, he subsequently was permitted to file an amended cross-bill. That order stated that "[a] copy of said Amended Cross-Bill of Complaint is attached hereto." In fact, no copy

_____

[1]Husband correctly notes that "[a] court of record speaks only through its written orders." Hill v. Hill, 227 Va. 569, 578, 318 S.E.2d 292, 297 (1984). However, as the trial court explained in its letter opinion, husband failed to properly plead adultery. Because no claim was pending, we find no reversible error in the trial court's failure to deny husband's claim in its final decree.

was attached to that order, and no amended cross-bill was filed after leave was given. Thus, while the file contains the initial filing of what was purported to be an amended cross-bill, the record does not reflect that an amended cross-bill was filed pursuant to the court's order. The trial court did not abuse its discretion in refusing to consider husband's amended cross-bill when it was not filed in compliance with the order granting leave to amend the pleading. See generally Bibber v. McCreary, 194 Va. 394, 397, 73 S.E.2d 382, 384 (1952).

Moreover, even if wife's post-separation adultery had been properly pleaded, we find no error in the trial court's determination that husband failed to present clear and convincing evidence to support his allegation. Wife's alleged paramour, Jason Todd Kennedy, was deposed. He admitted sleeping in the same bed with wife on occasion, and invoked his right not to incriminate himself when asked if he and wife had sexual intercourse. Wife admitted that Kennedy spent the night on occasion; she was not asked and did not testify that she had a sexual relationship with Kennedy. No other evidence was presented concerning wife's alleged adultery.

Husband contends that Kennedy's assertion of his Fifth Amendment right to avoid self-incrimination permitted the trial court to draw an adverse inference sufficient to establish wife's adultery. We disagree. It is true that Code § 20-88.59(G) allows the trier of fact to draw an adverse inference from the

refusal of a "party" to answer on the grounds of self-incrimination.  The statute does not provide that the same adverse inference may be drawn when a non-party witness asserts the right to avoid self-incrimination.  We will not read that language into the statute.

More significantly, however, is the fact that, even if such an adverse inference is drawn, we cannot say that the trial court erred by ruling that there was not clear and convincing evidence establishing wife's adultery.  While repeated overnight stays may suggest a romantic relationship, that fact alone is not clear and convincing evidence of adultery.  See Seemann v. Seemann, 233 Va. 290, 293, 355 S.E.2d 884, 886 (1987).  No evidence established that wife had sexual intercourse with Kennedy.  "[A] complainant must prove and corroborate his or her grounds for divorce by independent evidence."  Emrich v. Emrich, 9 Va. App. 288, 295-96, 387 S.E.2d 274, 278 (1989).  Any adverse inference drawn from Kennedy's refusal to testify would not be sufficient, standing alone, in the absence of some corroborating evidence.  Thus, even if husband properly placed the alleged ground of adultery before the trial court, he failed to bear his burden of proving adultery by clear and convincing evidence.

## II.

"Whether spousal support should be paid is largely a matter committed to the sound discretion of the trial court, subject to the provisions of Code § 20-107.1."  McGuire v. McGuire, 10 Va.

App. 248, 251, 391 S.E.2d 344, 346 (1990).  Under Code
§ 20-107.1, even when a spouse establishes adultery as ground for
divorce, a trial court may award spousal support to the
adulterous spouse "if the court determines from clear and
convincing evidence, that a denial of support and maintenance
would constitute a manifest injustice, based upon the respective
degrees of fault during the marriage and the relative economic
circumstances of the parties."  "'[R]espective degrees of fault
during the marriage' are not limited to legal grounds for
divorce.  We hold that 'fault during the marriage' encompasses
all behavior that affected the marital relationship, including
any acts or conditions which contributed to the marriage's
failure, success, or well-being." Barnes v. Barnes, 16 Va. App.
98, 102, 428 S.E.2d 294, 298 (1993).  "The court must also weigh
and consider the parties' relative economic positions in deciding
whether it would be manifestly unjust to deny a spousal support
award." Id.

Here, notwithstanding its findings that husband failed to
properly plead adultery as a ground for divorce and failed to
prove adultery, the trial court made the additional finding that
it would be manifestly unjust to fail to award wife spousal
support.  Wife was awarded a divorce on the ground of husband's
desertion.  The record demonstrates that husband told wife he did
not love her and had never loved her.  He refused any attempts at
counseling to save the marriage.  He testified in his deposition

that he left the marital home because "there was no use staying together" and he "couldn't see staying there and being miserable for the rest of my life and I left."

In addition, wife supported husband as he completed college and dental school and began his dental practice. At the time of the depositions, husband earned approximately $62,000 annually while wife earned $17,000. According to her exhibit, wife's monthly expenses exceeded her monthly income by over $2,000. Husband had additional monthly payments attributable to outstanding tax debts to the Internal Revenue Service, among others.

As demonstrated by the record, both the respective degrees of fault in the breakdown of the marriage and the parties' economic positions support the trial court's finding that it would be manifestly unjust to fail to award spousal support to wife. Therefore, we find no error.

III.

Husband did not appeal the trial court's equitable distribution decision holding him solely liable for the parties' joint tax indebtedness. See Code § 20-107.3(C). However, he contends that the trial court abused its discretion in awarding wife monthly spousal support of $1,400 in light of his responsibility for the tax debt. The determination whether a spouse is entitled to support and, if so, how much, is a matter within the discretion of the trial court and will not be

disturbed on appeal unless it is clear that some injustice has been done.  See Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

> In fixing the amount of the spousal support award, a review of all of the factors contained in Code § 20-107.1 is mandatory, and the amount awarded must be fair and just under all of the circumstances of a particular case.  When the record discloses that the trial court considered all of the statutory factors, the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion.  We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.

Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992) (citations omitted).

The trial court indicated that it considered the statutory factors before setting spousal support.  The evidence demonstrated that husband was primarily responsible for the parties' outstanding tax debt because he failed to pay taxes for several years prior to the parties' separation.  Wife was unaware that the taxes were not paid until approximately six months before husband left the marital home.  There also was evidence that the parties took out loans allegedly to pay taxes, but the tax bills did not reflect any reduction, leading to the conclusion that husband failed to use those funds to pay taxes.  At the time of the hearing, a portion of each party's salary was withheld to pay the outstanding tax lien.

Husband's current salary was several times greater than that

of wife.  While husband contends that wife unreasonably sought to maintain the marital standard of living which the parties could never afford, on appeal he did not specify which of wife's current expenses were unreasonable.  The parties were married for twenty-four years until husband deserted the marriage.  Husband has failed to demonstrate that the trial court abused its discretion in ordering him to pay wife $1,400 in monthly spousal support.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.