COURT OF APPEALS OF VIRGINIA


Present:   Judge McClanahan, Senior Judges Coleman and Annunziata


GREGORY TODD LLOYD

                                                      MEMORANDUM OPINION[*]
v.       Record No. 0768-05-4                              PER CURIAM
                                                       SEPTEMBER 20, 2005
STEPHANIE MARIE LLOYD


                FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                              Lon E. Farris, Judge

                 (Robert F. Zaniel; Allred, Bacon, Halfhill & Young, PC, on briefs),
                 for appellant.

                 (Polly B. Knight; Knight & Stough, LLP, on brief), for appellee.


        Gregory Todd Lloyd, husband, appeals a trial court order granting Stephanie Marie Lloyd,

wife, a divorce.  On appeal, husband contends the trial court erred by:  (1) not awarding him a

divorce on the ground of desertion; (2) finding husband acquiesced to the separation of the parties;

(3) finding wife had legal justification for leaving the marital home; and (4) awarding wife

attorney's fees.  Wife requests an award of attorney's fees and costs incurred in this appeal.  Upon

reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.  We also remand the

case to the trial court for an award of attorney's fees and costs to wife.

                                           Background

        On appeal, "we view the evidence and all reasonable inferences in the light most

favorable to the prevailing party below . . . ."  Lutes v. Alexander, 14 Va. App. 1075, 1077, 421

S.E.2d 857, 859 (1992).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married in 1998 and separated for the last time on February 27, 2001. The evidence indicates the parties had an unpredictable relationship and wife left the marital residence several times during the marriage for periods ranging from several days to one or two months. However, prior to the February 2001 separation, the parties had reconciled after each separation. Wife testified the parties had a "very volatile relationship," containing some physical threats and "physical actions." She also stated that prior to the separation, they were living separate lives.

At the commissioner's hearing, wife testified that she left the marital residence on February 21, 2001 with the intention not to return to the marriage. She also stated that prior to this separation, she and husband talked about divorcing "all the time" and that husband had told her he wanted a divorce. Wife testified that on February 27, 2001, she telephoned husband at work and told him she was leaving the marital residence and taking the children. Wife testified husband came home, kissed the children, and said, "You'll be back. . . . You always come back." Wife's mother also testified she was present when wife made the telephone call to husband. Wife stated that husband did not ask her to stay on the date she left.

Husband testified that wife was gone when he came home from work on February 27, 2001 and that he did not know she was leaving. He denied that wife contacted him on the day she left. Husband also denied that he wanted a divorce at that time, asserting that wife's actions constituted desertion.

The commissioner found that husband's comment, "You'll be back," indicated husband did not believe wife had formed the intent to desert the marriage. The commissioner further found that wife did not desert the marriage and husband acquiesced to a separation based on the evidence presented coupled with the fact that husband did not file a cross-bill of complaint until almost three years after the parties separated.

Husband filed exceptions to the commissioner's report in the trial court, asserting that wife deserted the marriage and that he did not acquiesce to the parties' separation. The trial court ruled that husband's exceptions were without merit, and it confirmed the commissioner's report. The trial court granted the parties a divorce based on their separation in excess of one year.

Analysis

Desertion cannot occur unless "one spouse breaks off marital cohabitation with the intent to remain apart permanently, without the consent and against the will of the other spouse." Barnes v. Barnes, 16 Va. App. 98, 101, 428 S.E.2d 294, 297 (1993).

The evidence established that the parties lived separate and apart for more than one year. Wife testified that the parties often discussed getting a divorce prior to the final separation, husband wanted a divorce, when she left the marital residence for the final time, husband stated, "You'll be back," and husband did not object to her leaving. The trial court accepted wife's testimony, which was competent and was not inherently incredible. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Therefore, the trial court's decision that wife did not desert the marriage and that husband acquiesced in the parties' separation was supported by substantial, credible, and competent evidence.

The record does not show that appellant presented to the trial court the argument that wife lacked legal justification for leaving the marital home. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

Although Rule 5A:18 allows exceptions for good cause or
to meet the ends of justice, appellant does not argue that we should

- 3 -

invoke these exceptions. See e.g., <u>Redman v. Commonwealth</u>, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

<u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Appellant argues that if we reverse the trial court's decision on the merits, then we should also reverse the trial court's award of attorney's fees to wife. Because we affirm the trial court's decision, we need not address this issue.

Wife requests attorney's fees and costs incurred in this appeal. Husband's appeal was without merit. Therefore, we find that wife is entitled to recover reasonable attorney's fees and costs incurred by her in defending this appeal. We remand this matter to the trial court for a determination of those costs and fees. See <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 479 S.E.2d 98 (1996).

Accordingly, the judgment of the trial court is summarily affirmed and the matter is remanded to the trial court for a determination of wife's costs and fees incurred on appeal.

<u>Affirmed and remanded.</u>