COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


IRMA MARIE POLEMENI
                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1682-06-1                          JUDGE JERE M. H. WILLIS, JR.
                                                             FEBRUARY 6, 2007
JOSEPH POLEMENI


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                           Everett A. Martin, Jr., Judge

              Thomas A. Connor (Connor & Price, P.C., on brief), for appellant.

              Robert Jeffries (Law Offices of Diane Fener, P.C., on brief), for
              appellee.


        Irma Marie Polemeni (wife), appeals the trial court's June 27, 2006 final decree awarding

Joseph Polemeni (husband) a divorce *a vinculo matrimonii*.  Wife contends the trial court erred

(1) by awarding the divorce on the ground of adultery, (2) by denying her request for spousal

support, and (3) by awarding husband primary physical custody of the parties' two minor children.

Husband seeks an award of attorney's fees and costs associated with this appeal.  We affirm the

judgment of the trial court and award husband his attorney's fees and costs.

                                     BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to husband, the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties were married on October 1, 1994. Two children were born of the marriage. In September 2004, husband, a member of the Virginia National Guard, was deployed to Iraq. While husband was in Iraq, wife informed him she no longer loved him and wanted a divorce. She later admitted that she was having an affair with Jeff Price, whom she met while taking college courses via the internet. Husband forgave the infidelity and agreed to continue the marriage on condition that wife cease contact with Price and move with their children to New York. Wife and the children moved in with husband's parents in New York, and husband visited them there in August 2005.

Upon husband's return to Iraq, wife left his parents' residence with the children and moved back to Virginia, living briefly with Price before securing her own residence. She allowed Price to discipline the children, including administering corporal punishment. She saw him daily, admitted having limited physical contact with him, and discussed with him the prospect of marriage.

Wife had been employed previously at a nursing home in a managerial position, earning $28,000 per year. She holds an associate's degree and has taken additional college courses. In the division of the parties' property, she received assets worth approximately $70,000. Husband received assets worth approximately $58,000.

ANALYSIS

I.

A party claiming adultery must prove it by clear and convincing evidence. Seeman v. Seeman, 233 Va. 290, 293, 355 S.E.2d 884, 886 (1987). Condonation of adultery nullifies the legal effect of the adultery, but "[c]ondoned adultery is revived where the guilty party resumes his association with his paramour." Cutlip v. Cutlip, 8 Va. App. 618, 621, 383 S.E.2d 273, 275 (1989) (citing McKee v. McKee, 206 Va. 527, 532, 145 S.E.2d 163, 166 (1965)).

To prove adultery, the evidence of a spouse's extramarital sexual intercourse must be "clear and convincing." Derby v. Derby, 8 Va. App. 19, 24, 378 S.E.2d 74, 76 (1989). "While a court's judgment cannot be based upon speculation, conjecture, surmise, or suspicion, adultery does not have to be proven beyond all doubt." Gamer v. Gamer, 16 Va. App. 335, 339, 429 S.E.2d 618, 622 (1993) (citing Coe v. Coe, 225 Va. 616, 622, 303 S.E.2d 923, 927 (1983)). Rather, the evidence must "'produce in the mind of the trier of facts a firm belief or conviction as to the allegations [of adultery] sought to be established.'" Cutlip, 8 Va. App. at 621, 383 S.E.2d at 275.

In this case, wife admitted having an adulterous relationship with Price during the parties' marriage, but denied resuming sexual relations with Price after the parties reconciled. However, she admitted that they "hug and kiss, drive the children to school together and express love for one another." They also "talked generally about marriage." Wife and Price saw each other daily. On numerous occasions, his vehicle was seen at her residence late into the night. She referred to him as her "boyfriend." The trial court disbelieved wife's testimony that she was not sexually active with Price, noting that although wife and Price "deny further copulation . . . their denials do not ring true."

The trial court noted that husband's condonation of wife's adultery was conditioned upon her cessation of contact with Price and her remaining in New York. By moving back to Virginia almost immediately after husband returned to active duty in Iraq and by renewing her relationship with Price, wife nullified husband's earlier condonation of her adultery. Accordingly, we find no error in the trial court's granting husband a divorce on the ground of wife's adultery.

## II.

> A party who has committed adultery will not be awarded spousal support unless the trial court finds by clear and convincing evidence that denial of support would constitute a "manifest injustice, based on the respective degrees of fault during the

marriage and the relative economic circumstances of the parties." Code § 20-107.1; Barnes v. Barnes, 16 Va. App. 98, 102, 428 S.E.2d 294, 298 (1993).

Rahbaran v. Rahbaran, 26 Va. App. 195, 211-12, 494 S.E.2d 135, 143 (1997).

The trial court's decision whether to award spousal support to wife despite her adultery will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. Williams v. Williams, 14 Va. App. 217, 219, 415 S.E.2d 252, 253 (1992).

The trial court found that wife's affair with Price "doomed the marriage," that wife has work experience and education enabling her to find gainful employment, that she was voluntarily unemployed, and that she had received a greater portion of the marital assets. The evidence supports these findings. The trial court weighed the degrees of fault and the economic circumstances of both parties. While husband was on hazardous military duty in Iraq, wife began an extramarital affair. Despite her assurance that she would end the affair and remain in New York with husband's family, promptly upon his return to Iraq, she returned to Virginia and resumed her affair with her paramour. Her faithless behavior, combined with the parties' economic posture, supports the trial court's decision. We find no error in the trial court's denial of wife's request for spousal support.

### III.

"In issues of child custody, 'the court's paramount concern is always the best interests of the child[ren].'" Vissicchio v. Vissicchio, 27 Va. App. 240, 246, 498 S.E.2d 425, 428 (1998) (quoting Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990)). "In determining the best interests of the child[ren], the trial court must consider the statutory factors identified in Code § 20-124.3." Brown v. Burch, 30 Va. App. 670, 684, 519 S.E.2d 403, 410 (1999). Although the trial court must consider these factors, "it is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v.

<u>Sargent</u>, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting <u>Woolley v. Woolley</u>, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). Rather, "trial courts are vested with broad discretion in making the decisions necessary to guard and to foster [the children's] best interests." <u>Farley</u>, 9 Va. App. at 328, 387 S.E.2d at 795. "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." <u>Brown</u>, 30 Va. App. at 538, 518 S.E.2d at 338.

Applying the foregoing principles, we hold that the evidence supports the trial court's award of primary physical custody to husband. The trial court noted that "the best interests of the children would be served by awarding their primary physical custody to the husband . . . ." The court announced that it had considered the factors listed in Code § 20-124.3, the report of the guardian *ad litem*, as well as the evidence received at trial. The record reveals wife "made visitation difficult for the husband," "seemed unable to discipline the children," "made an injudicious connection with Mr. Price," failed to investigate the school system before moving in with Price, listed Price (not husband) as a person to contact in the event of an emergency, and "appears weary and detached." In contrast, the court noted that husband "would be the more vigorous parent and provide firmer discipline, which the boys need."

"To satisfy Code § 20-124.3 . . . the trial court must provide a case-specific explanation (one that finds its contextual meaning from the evidence before the court) of the fundamental, predominating reason or reasons for the decision." <u>Kane v. Szymczak</u>, 41 Va. App. 365, 373, 585 S.E.2d 349, 353 (2003). In this case, the trial court amply supported its custody determination with an explicit recitation of the evidence upon which it made its decision. We find no abuse of discretion in its conclusions.

IV.

Husband seeks costs and attorney's fees associated with this appeal.

Wife's case presented positions and questions unsupported by law or evidence.  See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994).  Therefore, we award husband his attorney's fees and costs and remand this case to the trial court for determination of attorney's fees and costs incurred by husband in responding to this appeal, and for an award of fees and costs incurred at the hearing on remand.

Affirmed and remanded.