COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, AtLee and Senior Judge Haley
Argued at Richmond, Virginia


DAVID KENNETH GIRALDI

                                                    OPINION BY
v.      Record No. 1647-14-2        JUDGE RANDOLPH A. BEALES
                                              MAY 5, 2015

EVA MARIA GIRALDI


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

Charles E. Powers (Batzli Stiles Butler PC, on brief), for appellant.

Eva Maria Giraldi, *pro se*.[1]


On August 11, 2014, the circuit court entered a final decree of divorce between David

Kenneth Giraldi (husband) and Eva Maria Giraldi (wife), in which it awarded husband a divorce

*a vinculo matrimonii* from wife on the ground of adultery. On appeal, husband raises two

assignments of error. First, husband argues that the circuit court erred by awarding a

reservation[2] of spousal support to wife because there was not clear and convincing evidence –

---

[1] Appellee wife's brief was due to be filed in the office of the clerk of the Court of
Appeals on or before January 4, 2015. See Rule 5A:19(b)(2). Wife did not file a brief, but did
file a letter with this Court in March, 2015 – shortly before oral argument in this case. This
Court did not receive wife's letter – which was dated March 2, 2015 – until March 12, 2015.
Wife did not seek leave of court to file the letter, which was filed well past the deadline for her
brief. Wife's letter does not meet the requirements for appellee briefs set forth in Rule 5A:21.
Accordingly, for these reasons, this Court cannot – and does not – consider the contents of wife's
letter.

[2] Pursuant to Code § 20-107.1(D),

> the court may reserve the right of a party to receive support in the
> future. In any case in which the right to support is so reserved,
> there shall be a rebuttable presumption that the reservation will

based on the respective degrees of fault during the marriage and the relative economic circumstances of the parties – to support a finding that denial of a reservation of spousal support to wife would constitute a manifest injustice. Second, husband contends that the circuit court erred when it allowed wife's counsel to elicit evidence of condonation and when it indicated that it would consider such evidence when deciding whether to grant wife a reservation of the right to spousal support.[3] For the following reasons, we reverse the circuit court and remand this case to the circuit court for entry of an order removing wife's reservation of spousal support from the divorce decree.

## I. BACKGROUND

Under settled principles of appellate review, we view the evidence in the light most favorable to wife, as the party prevailing below, Chretien v. Chretien, 53 Va. App. 200, 202, 670 S.E.2d 45, 46 (2008), and we grant wife "all reasonable inferences fairly deducible therefrom," Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999). In this case, the parties were married in December of 1999, and they separated in May of 2012. At trial, wife admitted to having an affair with Jose Acanda-Montano from January of 2011 until June of 2011. Acanda-Montano, who testified at trial, corroborated wife's admission of adultery. Acanda-Montano testified that he began to have sexual intercourse with wife in January, 2011. According to wife, she had the affair because she "never felt [she] had a husband." She testified

---

continue for a period equal to 50 percent of the length of time between the date of marriage and the date of separation.

[3] We need not – and do not – reach husband's second assignment of error. By reversing the circuit court's decision to award a reservation of spousal support to wife, the question whether the circuit court erred by admitting evidence of condonation to consider whether to award wife a reservation of spousal support becomes irrelevant because this Court today decides to reverse the reservation of spousal support to wife. "In this case, as in all others, we seek to decide cases 'on the best and narrowest ground available' from the record." Kirby v. Commonwealth, 50 Va. App. 691, 698 n.2, 653 S.E.2d 600, 603 n.2 (2007) (internal quotations and citations omitted).

- 2 -

that husband was "a very good provider" but that "there was no emotional support." Wife went on to testify that husband would frequently travel out of town for business, but stay beyond the date the business trip ended. According to wife, when husband was home during the week he would simply "go to work, come home, eat dinner, go upstairs."

Husband also testified about the state of his marital relationship. According to husband, he and wife argued frequently. Their breakdown in communication was severe enough that, if husband had on his pajamas during the argument, he would walk to the walk-in closet and say he was putting on his clothes so he could leave. According to husband, wife would then shut the closet door and hold husband hostage in the closet. During one of those incidents, wife put her hand in between the closet door and the door frame and slammed it about three or four times. She threatened husband that, if he left the house, she would call the police and tell them that husband caused her self-inflicted injury.

Both parties offered into evidence a number of documents related to their financial situation. According to those documents, husband had income of $16,432 per month at the time of trial. Included in this amount was husband's salary from General Dynamics, his Coast Guard retirement pension, and his Coast Guard disability pension. Husband also had retirement accounts and savings bonds at the time of trial. The circuit court also received evidence that wife was earning $3,369 per month as a school teacher and that she was also eligible for retirement benefits when she retired.

After hearing all of the evidence, the circuit court ruled, in relevant part, as follows:

> I don't know what's going to happen in the future with reference to either one of you. Notwithstanding the adultery that's the grounds for the divorce in this case. I think it would constitute a manifest injustice to deny a reservation quite different in a matter of support so each of you will have a reservation one to the other.

In announcing its ruling, the circuit court, at four different times, admonished wife that her behavior was "inexcusable" and either "reprehensible" or "beyond reprehensible." The divorce decree specified that each party was awarded a reservation of spousal support for a period of six years and two months.

## II. ANALYSIS

"'Whether and how much spousal support will be awarded is a matter of discretion for the trial court.'" Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (quoting Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998)). The trial court has "'broad discretion in setting spousal support and its determination will not be disturbed except for a clear abuse of discretion.'" Fadness v. Fadness, 52 Va. App. 833, 845, 667 S.E.2d 857, 865 (2008) (quoting Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (internal quotation and citation omitted)). A trial court's decision regarding spousal support constitutes reversible error only if "its decision is plainly wrong or without evidence to support it." Id. A trial court "'by definition abuses its discretion when it makes an error of law. . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.'" Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

Code § 20-107.1(B) states as follows:

> Any maintenance and support shall be subject to the provisions of § 20-109, and *no permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground of divorce under the provisions of subdivision (1) of § 20-91.* However, the court may make such an award notwithstanding the existence of such ground if the court determines from clear and convincing evidence, that a denial of support and maintenance would constitute a manifest injustice,

based upon the respective degrees of fault during the marriage and the relative economic circumstances of the parties.[4]

(Emphasis added). Adultery is a fault ground for divorce under Code § 20-91(1), and, therefore, a finding that a party has committed adultery generally is an absolute bar to the adulterous party from receiving spousal support under Code § 20-107.1(B).

A circuit court may grant an award of spousal support to the adulterous spouse *only* under a narrow exception that requires a finding of manifest injustice by clear and convincing evidence based on the two factors that the General Assembly has deemed relevant for considering whether the exception applies – "respective degrees of fault" and "relative economic circumstances." Therefore, the exception to the rule barring spousal support to an adulterous spouse applies only if the circuit court finds – by *clear and convincing* evidence – that denying the award of spousal support would constitute a manifest injustice based on (1) the respective degrees of fault of the parties during the marriage *and* (2) the relative economic circumstances of the parties. See Congdon v. Congdon, 40 Va. App. 255, 267, 578 S.E.2d 833, 839 (2003).

Furthermore, the decision to invoke the manifest injustice exception must be rooted in *both* the "respective degrees of fault" factor *and* the "relative economic circumstances" factor. Id. at 264, 578 S.E.2d at 837; see Barnes v. Barnes, 16 Va. App. 98, 102, 428 S.E.2d 294, 298 (1993) (explaining that "[i]n order to find that denial of support will constitute a manifest injustice, the court must base that finding on the parties' comparative economic circumstances *and* the respective degrees of fault" (emphasis in original)). This Court has previously interpreted the plain language of Code § 20-107.1(B) by stating, "The statute requires the decision to be '*based upon*' these factors. This language implies a higher level of justification

---

[4] Husband challenges the circuit court's decision to award a *reservation* of spousal support to wife. However, there is no reason to conclude that an adulterous spouse who requests a reservation of spousal support – as opposed to a periodic or lump sum award of spousal support – should be exempt from the burden of proving a manifest injustice.

- 5 -

than a statutory command that merely requires the trial judge to consider this or that factor."

Congdon, 40 Va. App. at 264, 578 S.E.2d at 838 (emphasis added) (internal citation omitted).

"'Respective degrees of fault during the marriage' are not limited to legal grounds for divorce.

. . . [Rather], 'fault during the marriage' encompasses all behavior that affected the marital

relationship, including any acts or conditions which contributed to the marriage's failure,

success, or well-being." Barnes, 16 Va. App. at 102, 428 S.E.2d at 298.

Applying these principles to the record in this case, we hold that the decision to award a

reservation of spousal support to wife was reversible error. The record does not show that the

circuit court actually determined, by clear and convincing evidence, that invoking the spousal

support bar of Code § 20-107.1(B) would cause a manifest injustice based on an assessment of

the parties' "respective degrees of fault" and the parties' "relative economic circumstances."

The circuit court never stated – or even indicated – that wife had the burden of proving a

manifest injustice by clear and convincing evidence. Therefore, we have no way of determining

from the record whether the circuit court found that wife satisfied the burden of proof required

by Code § 20-107.1(B).

Moreover, the circuit court never expressly mentioned the two factors upon which a clear

and convincing demonstration of manifest injustice must be based – i.e., the parties' respective

degrees of fault during the marriage and the relative economic circumstances of the parties. The

circuit court did not make any actual findings of fact on these two factors when it addressed

wife's request for a reservation of spousal support under Code § 20-107.1(B). [5]

---

[5] It is certainly true that "[i]n Virginia, a trial court has no common law duty to explain in any detail the reasoning supporting its judgments. Absent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" Pilati v. Pilati, 59 Va. App. 176, 180, 717 S.E.2d 807, 809 (2011) (quoting Fitzgerald v. Commonwealth, 223 Va. 615, 627, 292 S.E.2d 798, 805 (1982)). Moreover, Code § 20-107.1(B) does not require that a circuit court actually enumerate the various aspects of fault attributable to one party or the other. Congdon, 40 Va. App. at 266, 578 S.E.2d at 838. Thus, the circuit court was not required to

During a different point of the proceeding, when addressing the grounds for divorce and child custody, the circuit court did make a vague reference to fault shared by the parties, noting that it was "satisfied that there is some degree of fault on both sides" and suggesting that problems in the marriage may have prompted wife to commit adultery. However, there is nothing in the record indicating that the circuit court – when addressing wife's request for a spousal support reservation order – actually *compared* the respective degrees of fault by the parties. See Congdon, 40 Va. App. at 266, 578 S.E.2d at 838. To the extent that statements indicating that such a comparison was made can be gleaned from the record, those statements certainly are not favorable to wife. The circuit court admonished wife several times that her conduct during the marriage was "inexcusable," "reprehensible," and "beyond reprehensible." Moreover, wife actually admitted to having an adulterous relationship during the marriage.

Similarly, the record does not establish that the reservation of spousal support awarded to wife was based on the "relative economic circumstances" of the parties. Code § 20-107.1(B). Although the circuit court did receive some evidence of each party's finances at the time of trial, it never made any factual findings regarding the *difference* between the two parties' economic circumstances. While the evidence presented at trial seemed to indicate that husband had a larger monthly cash flow than wife, there was no evidence regarding other aspects of wife's economic profile, such as her earning capacity, and both husband and wife were gainfully employed. Moreover, wife, who had an apparently steady job as a teacher, was receiving an annual salary of approximately $40,000 at the time of trial and was eligible for retirement benefits when she retired. Husband, on the other hand, testified that his job was not guaranteed

---

provide a step-by-step account of how it arrived at the decision that the manifest injustice exception should apply. However, the record on appeal still must provide a basis for concluding that the circuit court's determination was based on the relevant statutory factors and the required burden of proof of clear and convincing evidence.

past June, 2015. The circuit court, at any rate, apparently did not base its decision to make a reservation of spousal support on these tangible considerations. Instead, the circuit court simply stated, "I don't know what's going to happen in the future with reference to either one of you."

After stating that it did not know what would happen to the parties in the future, the circuit court then found that denying a reservation of spousal support would constitute a manifest injustice. By its very definition, however, a "manifest injustice" cannot be speculative. See Black's Law Dictionary 974 (7th ed. 1999) (defining "manifest injustice" as "direct, obvious, and observable"). Furthermore, Code § 20-107.1(B) makes the "manifest injustice" burden higher still by requiring proof of the manifest injustice by clear and convincing evidence. See Seemann v.Seemann, 233 Va. 290, 293 n.1, 355 S.E.2d 884, 886 n.1 (1987) (defining "clear and convincing" evidence as "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established"). In addition, this clear and convincing showing of manifest injustice must be based on the two factors of respective degrees of fault and relative economic circumstances. Code § 20-107.1(B). Even viewing the evidence in the light most favorable to wife (as we must since she was the prevailing party below), it is difficult to see how the circuit court could have determined – based on the parties' respective degrees of fault during the marriage and their relative economic circumstances – that clear and convincing evidence supported a finding that failure to grant wife a reservation of spousal support would constitute a manifest injustice. In this case, the reservation of spousal support was not awarded consistent with the very high burden set forth in Code § 20-107.1(B). Accordingly, we reverse the circuit court's decision to award wife a reservation of spousal support.

### III. CONCLUSION

The circuit court erred in invoking the manifest injustice exception to award wife a reservation of spousal support. In this case, the circuit court did not make any particularized reference to the two factors under Code § 20-107.1(B) when deciding to award wife the reservation. Nor did it make any factual findings related to those factors. Absent any factual findings related to the two factors, this Court certainly cannot find that the circuit court's decision to apply the manifest injustice exception in this case was based on clear and convincing evidence. We reverse the circuit court, and direct the circuit court on remand to enter an order removing the reservation of spousal support for wife from the divorce decree.

<u>Reversed and remanded.</u>