UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Russell and Senior Judge Frank

RICHARD GITTER

MEMORANDUM OPINION[*]

v.      Record No. 1867-15-4          PER CURIAM
                                      MAY 17, 2016

CARRIE GITTER

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Howe Brown, Jr., Judge Designate

(Peter M. Fitzner; Matthews, Snider & Fitzner, on briefs), for
appellant.

(Charles E. Powers; Batzli Stiles Butler PC, on brief), for appellee.

Richard Gitter (husband) appeals the trial court's award of attorney's fees and expert

witness' fees. Husband argues that the trial court erred by (1) awarding Carrie Gitter (wife) $25,000

in attorney's fees and "failing to sufficiently articulate the reasons for awarding attorney's fees in

this case;" (2) ordering husband to pay $25,000 in attorney's fees; (3) awarding expert witness' fees

to wife because (a) it "failed to sufficiently articulate the reasons for awarding expert witness' fees

in this case;" and (b) it "adopted the income figures testified to by [husband's] expert, thereby

implicitly rejecting the testimony of [wife's] expert." Upon reviewing the record and briefs of the

parties, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On September 19, 2013, the trial court entered an order awarding spousal support and child support to wife.[1] In April 2015, wife filed a motion to increase spousal support. In May 2015, husband filed a motion to amend child support.

On October 6, 2015, the parties appeared before the trial court. The major issue in the case was a determination of husband's income because he was self-employed. The parties conducted extensive discovery. Both parties retained experts to assist them in determining husband's income.

During the trial, wife's expert, W. Perry Cronin, testified as to how he determined husband's income. Cronin stated that his fees for his services totaled $13,212. Husband's expert, Robert R. Raymond, also testified about husband's income. Husband testified that he believed his income was less than what the experts opined. Wife testified that she incurred $28,987 in attorney's fees.

After hearing the evidence and argument, the trial court found that husband's income "increased substantially" since the last support order and granted wife's motion for an increase in spousal support. It also granted husband's motion to amend child support. Furthermore, relying on Code § 20-99, the trial court ordered husband to pay $25,000 to wife for her "legal expenses" and $13,212 to wife's expert for his services. The trial court entered an order on October 21, 2015 to memorialize its rulings.[2] This appeal followed.

---

[1] The parties divorced on June 12, 2012. The trial court bifurcated the proceedings and retained jurisdiction over equitable distribution, spousal support, child support, and attorney's fees. The September 19, 2013 order resolved the outstanding issues.

[2] The parties reappeared before the trial court on November 17, 2015 for clarification on the payment of the spousal support arrearages and correction of the transcript from the October 6, 2015 hearing. The trial court entered an order on November 17, 2015 to reflect its rulings.

ANALYSIS

Husband argues that the trial court erred in awarding wife her attorney's fees and expert witness' fees. He contends the trial court did not sufficiently articulate its reasoning for the awards.

During closing arguments, wife's counsel and the trial court discussed whether the court could award attorney's fees. Wife's counsel referenced the American Rule, which generally prohibits an award of attorney's fees, but argued that there were support cases in which courts have awarded attorney's fees. Then the trial court asked, "And did they say the standard by which it is ordered? Is it who wins? Is it – who substantially prevails? Is it disparity of income?" Wife's counsel suggested that it was "a combination" of those suggestions. At the conclusion of the closing arguments, the trial court took a recess. When it returned, the trial court issued its ruling and, citing Code § 20-99, it awarded wife $25,000 for her attorney's fees and $13,212 for her expert witness' fees.

"[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). "The determination of the proper amount of attorney's fees is based upon the circumstances of the parties." Barnes v. Barnes, 16 Va. App. 98, 106, 428 S.E.2d 294, 300 (1993).

Code § 20-99(6) states, "Costs may be awarded to either party as equity and justice may require." "In Virginia, Code §§ 20-79(b) and [former] 20-99(5)[3] provide the statutory basis for the broad discretionary authority circuit courts have to award attorney's fees and other costs as the equities of a divorce case and its ancillary proceedings may require." Tyszcenko v. Donatelli, 53 Va. App. 209, 222, 670 S.E.2d 49, 56 (2008). "This discretionary authority also extends to related post-divorce proceedings." Id. "[T]here is no prevailing-party entitlement to fees under Code §§ 20-79(b) and 20-99(5)." Id. at 223, 670 S.E.2d at 57. Instead, "after considering 'the circumstances of the parties' and 'the equities of the entire case,' a trial court may exercise its discretion and issue an award of attorney's fees and costs that is reasonable 'under all of the circumstances revealed by the record.'" Mayer v. Corso-Mayer, 62 Va. App. 713, 734, 753 S.E.2d 263, 273 (2014) (quoting Tyszcenko, 53 Va. App. at 223, 670 S.E.2d at 57).

Contrary to husband's arguments, the trial court is not required to articulate specifically its rationale for an attorney's fee or costs award. In Mayer, the Court explained that the record has to reflect that the award of attorney's fees and costs was based on "the circumstances authorizing an award under Code §§ 20-79(b) and 20-99(6) or the case law interpreting those statutes." Id.

Unlike the record in Mayer, the record in this case indicates that the awards for attorney's fees and expert witness' fees were based on the parties' circumstances and the equities of the case, as required by Code § 20-99(6). See id. The record includes wife's "Notice and Motion to Compel and Overrule Objections," filed May 27, 2015, and her "Notice and Motion to Compel and Overrule Objections," filed September 4, 2015, which stated that husband was not providing

---

[3] In 2012, the General Assembly added a new subsection to Code § 20-99, so the language that formerly was in Code § 20-99(5) is now in Code § 20-99(6).

sufficient discovery responses to wife. For each motion, the trial court ordered husband to respond to certain discovery requests. During closing arguments, wife's counsel informed the trial court that she did not get some of the requested documents until two weeks before trial. She said that the litigation had been "incredibly time consuming and expensive." As of the hearing date, husband still had not filed his 2014 tax returns. The arguments over husband's income and expenses prompted the trial court to say, "Had the tax returns been available, we might refer to it." Wife's counsel further stated that if husband had been "honest" about his income, then an expert may not have been necessary. However, husband continued to argue at trial that his income was lower than what both experts opined.

Not only could the trial court have determined that the equities of the case support an award of attorney's fees, but it could have concluded that such an award was supported by the parties' circumstances. The trial court found that husband conservatively earned $50,000 per month, while wife earned $2,783 per month. Wife testified that her attorney's fees were $28,987, and her expert witness' fees were $13,212. The trial court awarded her most of her attorney's fees and all of her expert witness' fees. We cannot say that the amount of the award was unreasonable in light of the parties' circumstances.

Based on the record, we cannot say that the trial court abused its discretion in awarding wife her attorney's fees and expert witness' fees.[4]

---

[4] As part of his third assignment of error, husband argues that the trial court erred in awarding expert witness' fees to wife because the trial court found that husband's income was $50,000 per month, which was more "consistent with Mr. Raymond's opinion, and significantly less than the amount Mr. Cronin testified to." He asserts that the trial court "implicitly rejected" Cronin's testimony, so husband should not have to pay fees for Cronin's services. We note that the trial court did not adopt the exact income amount of either expert and, in setting the income figure at $50,000 a month, noted that he was being "very conservative." Furthermore, both experts agreed that adjustments had to be made to husband's income because he had run personal expenses through his business. Given his penchant for this practice, husband created the need for wife to produce expert accounting testimony, and therefore, the trial court did not abuse its discretion in awarding her the expenses associated with the expert.

Although the trial court did not abuse its discretion in awarding wife attorney's fees and expert witness' fees associated with the proceedings below, we exercise our discretion and decline to award her fees and costs associated with the appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.